2007 ND 19

**Brandan HENTZ and Troy Hentz, Appellants**

v.

**ELMA TOWNSHIP BOARD OF SUPERVISORS, acting as the Elma Township Zoning Commission, Appellee.**

**No. 20060198.**

Supreme Court of North Dakota.

Feb. 5, 2007.

John D. Bullis, Lies & Bullis, Wahpeton, ND, for appellants.

Tami L. Norgard (argued) and Kari R. Reichert (appeared), Vogel Law Firm, Fargo, ND, for appellee.

CROTHERS, Justice.

[¶ 1] Brandan and Troy Hentz ("the Hentzes") appealed from the district court's dismissal of their appeal from the

Elma Township Zoning Commission's ("the Township") findings that they violated a zoning ordinance by planting trees too close to county roads. We reverse the district court's judgment after concluding the Township's decision was unreasonable, and we remand to the Township to vacate its February 12, 2006 Order.

I

[¶ 2] The relevant facts are undisputed. The Hentzes are tree farmers who own trees planted for the purposes of tree farming. Some of the trees were planted within 120 feet of the center of two county roads bordering the north and west sides of the NW1/4 of Section 15 in Elma Township, Richland County. Neither party contends these trees are part of a "shelterbelt." The Township notified the Hentzes in March 2005 that the trees violated Section 3.8 of the township ordinances, requiring trees be planted at least 120 feet from the center of roads. The Township conducted a hearing on January 30, 2006, but failed to preserve, and could not file, the original or a certified copy of the entire proceedings. The Township issued its Findings of Fact and Order in February 2006, ordering the Hentzes either to destroy or remove all trees within 120 feet of the center of adjacent county roads or to submit an alternative plan for compliance within thirty days. The Hentzes appealed to the district court, which affirmed the Township's findings and dismissed the Hentzes' appeal with prejudice. This appeal followed.

II

[¶ 3] The Hentzes argue the Township erred in finding them in violation of the zoning ordinance.

[¶ 4] When considering an appeal from the decision of a local governing body under N.D.C.C. § 28–34–01, our scope of review is the same as the district court's and is very limited. *Tibert v. City of Minto*, 2006 ND 189, ¶ 8, 720 N.W.2d 921 (citing *Pic v. City of Grafton*, 1998 ND 202, ¶¶ 6, 8, 586 N.W.2d 159). This Court's function is to independently determine the propriety of the Township's decision without giving special deference to the district court decision. *Tibert*, at ¶ 8. The Township's decision must be affirmed unless the local body acted arbitrarily, capriciously, or unreasonably, or there is not substantial evidence supporting the decision. *Id.* (citing *Graber v. Logan County Water Res. Bd.*, 1999 ND 168, ¶ 7, 598 N.W.2d 846). "A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation." *Tibert*, at ¶ 8 (citing *Klindt v. Pembina County Water Res. Bd.*, 2005 ND 106, ¶ 12, 697 N.W.2d 339). "We fully review the interpretation of an ordinance, and a governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct." *City of Fargo v. Ness*, 551 N.W.2d 790, 792 (N.D.1996) (citing *Gullickson v. Stark County Comm'rs*, 474 N.W.2d 890, 892 (N.D.1991)).

[¶ 5] The Hentzes contend the Township acted arbitrarily, capriciously, or unreasonably in determining they were in violation of the zoning ordinance because they have a tree farm which is specifically exempted by the zoning ordinances. We agree because the Township did not correctly construe its ordinances.

[¶ 6] The Township adopted its zoning ordinances in 1997 with enumerated express purposes, one of which is "[t]o preserve and protect farming operations, farm lands and natural resources of the town-

ship." Elma Township Zoning Regulation 1997, § 1.2.3. The Township specified "the most restrictive shall govern unless otherwise specifically stated" in its rule for interpreting regulations at variance with "other lawfully adopted rules, regulations, [or] ordinances." Elma Township Zoning Regulation 1997, § 1.5.

[¶ 7] Section 1.8 provides an exception for agriculture: "These regulations shall not apply to the use of land and buildings for agriculture as defined herein." The Township defined agriculture in Section 2.2.2 to include "tree farming":

> 'Agriculture' means the process of producing food and fiber including, but not limited to the land, facilities, structures, and buildings for operation and maintenance thereof. It includes all types of general farming, crop and vegetable farming, dairying, livestock and poultry raising, apiaries, fur farming, horticulture, pasturing, tree farming and related land based food and fiber producing facilities.

[¶ 8] The Hentzes were found in violation of Section 3.8 governing "Road and Highway Setback—Tree Plantings, Shelterbelts." It requires:

> All buildings and structures and trees shall be placed at least 100 (one hundred) feet from county, state highway and township road rights-of-way for the purpose of preventing hazardous accumulations of snow and to allow for future widening of public right-of-ways [sic]. Tree plantings and shelterbelts shall be planted 120′ from center of roads.

Section 3.8 prohibits "tree plantings" and "shelterbelts" within 120 feet of a road centerline. Because there was no factual dispute in this case, the remaining legal question is whether Hentzes' "tree farm" falls within the prohibitions.

[¶ 9] We interpret ordinances as we would any statute. *GO Committee*

*v. City of Minot*, 2005 ND 136, ¶ 9, 701 N.W.2d 865 (citations omitted). Ordinance interpretation, like statutory interpretation, is a question of law subject to full review upon appeal. *Id.* (citation omitted). "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. In construing a statute, we ascertain the enacting body's intent by giving the statutory language its plain, ordinary, and commonly understood meaning. *GO Committee*, at ¶ 9. " 'We construe statutes as a whole and harmonize them to give meaning to related provisions.' " *Id.* (quoting *Larson v. Larson*, 2005 ND 67, ¶ 8, 694 N.W.2d 13).

[¶ 10] Here, we read Sections 1.8 and 3.8 together and harmonize them to conclude the Township erred when interpreting its ordinances. Section 1.8 exempted "agriculture" from any of the zoning regulations. "Agriculture" specifically included "tree farms." Because "tree farms" are exempt from regulation under Section 1.8, Section 3.8 can only be harmonized with Section 1.8 by concluding that the setback requirements for "tree plantings" or "shelterbelts" mean something other than "tree farms." Otherwise, the exception in Section 1.8 would be nullified by the regulation in Section 3.8, which is contrary to the plain words of Section 1.8. We therefore reject the Township's construction because it would make "tree farms" synonymous with "tree plantings" and "shelterbelts" and render meaningless the "tree farm" and "agriculture" exemption in Section 1.8.

III

[¶ 11] We reverse the district court's judgment after concluding the Township's

decision was unreasonable, and we remand to the Township to vacate its February 12, 2006 Order.

[¶ 12] GERALD W. VANDEWALLE, C.J., EVERETT NELS OLSON, S.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 13] The Honorable EVERETT NELS OLSON, S.J., sitting in place of KAPSNER, J., disqualified.