2009 ND 72

**David GOWAN, Plaintiff and Appellant**

v.

**WARD COUNTY COMMISSION,
Defendant and Appellee.**

**No. 20080239.**

Supreme Court of North Dakota.

April 30, 2009.

Lynn M. Boughey, Boughey Law Firm, Bismarck, N.D., for plaintiff and appellant.

Randall J. Bakke (argued) and David R. Phillips (on brief), Smith Bakke Porsborg & Schweigert, Bismarck, N.D., for defendant and appellee.

CROTHERS, Justice.

[¶ 1] David Gowan appeals from a judgment affirming the Ward County Commission's decision to deny his request to change the zoning of his land from agricultural to residential. Because the Ward County Commission's denial of Gowan's request is supported by substantial evidence and is not arbitrary, capricious or unreasonable, we affirm.

I

[¶ 2] In 2005 Gowan purchased land west of Minot in Burlington Township that was zoned agricultural. The land is located about one-quarter mile downrange from a law enforcement firing range. A private shooting range and a private archery range are also located in the area. In 2007 Gowan received preliminary plat approval by the Ward County Planning Commission ("Planning Commission") for a 12–lot residential subdivision on the property. Gowan requested that the Planning Commission approve the proposed final plat and change the zoning of the property from agricultural to residential to allow construction of the development. After two hearings, the Planning Commission recommended Gowan's request be denied. The Planning Commission cited safety concerns, a fear of having to close the firing range, and a reluctance to have the development hamper rural activities in the area as the reasons for the denial.

[¶ 3] Gowan appealed the Planning Commission's denial of his rezoning request to the Ward County Commission ("Commission"). Gowan and other concerned citizens appeared on the request at two Commission meetings. On October 15, 2007, the Commission, on a three to two vote, approved the Planning Commission's recommendation and denied Gowan's request to change the zoning of his property from agricultural to residential. The

district court affirmed the Commission's decision.

## II

[¶ 4] Gowan argues the Commission erred in denying his request to rezone his property from agricultural to residential.

[¶ 5] This Court's deferential standard of review for decisions of local governing bodies is well established:

"When considering an appeal from the decision of a local governing body under N.D.C.C. § 28–34–01, our scope of review is the same as the district court's and is very limited. *Tibert v. City of Minto*, 2006 ND 189, ¶ 8, 720 N.W.2d 921 (citing *Pic v. City of Grafton*, 1998 ND 202, ¶¶ 6, 8, 586 N.W.2d 159). This Court's function is to independently determine the propriety of the [Commission's] decision without giving special deference to the district court decision. *Tibert*, at ¶ 8. The [Commission's] decision must be affirmed unless the local body acted arbitrarily, capriciously, or unreasonably, or there is not substantial evidence supporting the decision. *Id.* (citing *Graber v. Logan County Water Res. Bd.*, 1999 ND 168, ¶ 7, 598 N.W.2d 846). 'A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation.' *Tibert*, at ¶ 8 (citing *Klindt v. Pembina County Water Res. Bd.*, 2005 ND 106, ¶ 12, 697 N.W.2d 339). 'We fully review the interpretation of an ordinance, and a governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct.' *City of Fargo v. Ness*, 551 N.W.2d 790, 792 (N.D.1996) (citing

*Gullickson v. Stark County Comm'rs*, 474 N.W.2d 890, 892 (N.D.1991))."

*Hentz v. Elma Twp. Bd. of Supervisors*, 2007 ND 19, ¶ 4, 727 N.W.2d 276.

[¶ 6] In this case, the Commission prepared extensive and detailed findings explaining its rationale for denying Gowan's rezoning request:

"There is a police firing range, pistol shooting range, and archery range in the area that Mr. Gowan seeks to have rezoned from agricultural to residential. The firing range is used almost every day for training purposes by law enforcement and the military. According to law enforcement representatives, if Mr. Gowan's zone change request was granted, the safety of future residents of Mr. Gowan's proposed development would be at risk due to the close proximity and location of the firing range. Extensive testimony was given by several law enforcement representatives indicating that the close proximity of the firing range to the proposed development would be dangerous. Steve Kukowski has been with the Ward County Law Enforcement center for 34 years and owns land in the area. He maintains the firing range. He stated that law enforcement sends officers every day to train on the firing range. This includes brand-new officers that have never handled firearms before. In such circumstances, Kukowski testified that accidents do happen.

"The Ward County Commission was advised there was recently an incident in which a stray bullet fired by a police officer at a police firing range strayed out of the range, and struck an apartment building where children were watching TV. This shot was fired by a handgun. The bullet traveled a distance of just under three quarters of a mile. The area where law enforcement shoot

high powered rifles is only a quarter of a mile from the area that Mr. Gowan would like to place housing. Minot Police Department Chief Jeff Balentine stated that a police firing range and [sic] [E]lk [C]ity[,] Oklahoma[,] had to close after a military veteran was accidentally shot while standing outside a car dealership when a bullet ricocheted off a metal frame that holds targets at the gun range. It would be expensive to move the range. He stated there are kids in the area and he is concerned with safety. He stated that rifle gunfire can travel a long way from a ricochet. Law enforcement indicated this is a very dangerous situation due to the fact that high powered rifles, including sniper rifles, shoot even further than handguns, such as the handgun used in the earlier incident. The Ward County Commission finds, based upon the statements and correspondence of law enforcement, that the proximity and location of the police firing range, pistol shooting range, and archery range pose an unreasonable risk to the safety of future residents, including children, in Mr. Gowan's proposed development.

"Further, according to law enforcement representatives, other law enforcement training facilities in the state, such as the facilities in Fargo and Bismarck, were forced to shut down as residential development encroached on their training facilities. If Mr. Gowan's zone change request was granted, the Minot police department might have to purchase new land and start over at a new range in a different location at the expense of taxpayers. A law enforcement officer testified that currently, Bismarck law enforcement officers travel many miles in order to do their training. Ward County would also be forced to purchase land further outside of residential areas and law enforcement would have to travel in order to train. He testified that the Minot Rifle [a]nd Pistol Club built a new facility for a cost of over $500,000. Therefore, it would be quite expensive for law enforcement to purchase land and move to a new range or build a new facility for law enforcement training purposes.

"Other firing ranges near residential areas have had difficulties because of noise complaints from residents. There is automatic rifle fire at the range near Mr. Gowan's property, which is different than an ordinary firing at a shooting range. There is also shooting in all weather conditions and at night to train officers. The range is also used for chemical munitions and very loud distraction devices, which may affect residents in the area. The Ward County Commission finds, based upon the statements and correspondence of law enforcement, that the firing range would expose residents to nuisances such as loud noises and chemicals. If Mr. Gowan[']s requested zone change was granted, the Ward County Commission finds it likely that the firing range would eventually be forced to move to a different location, at the expense of taxpayers, because of public safety concerns and problems with residents caused by gun firing noise, chemical munitions, and loud distraction devices used by law enforcement for training on the firing range.

"Concerned citizens and adjoining land owners have voiced concerns for the safety of residents, including children, near the police firing range. Further, they have expressed concern that a residential development would hamper rural recreational activities and harm wildlife in the area. They have also expressed concern that the firing range would ultimately be closed. The Ward County

Commission also finds that these statements support a denial of Mr. Gowan's request.

"Further, Bea Shaw donated the land that the firing range sits on to be used exclusively as a law enforcement training center, according to her late husband's wishes. She indicated she opposed the zone change and stated to the County Commission that she wants the firing range to stay as it is. If the property ceases to be used as a firing range for law enforcement training purposes, it will revert back to the Shaw family. If the property reverts back to the Shaw family, Ward County would not receive proceeds from the sale of the land in the event that the firing range would need to be moved as a result of the close proximity to residential property. Ward County would not have the benefit of this money to move to a new location."

[¶ 7] Gowan raises numerous arguments in support of his contention that the Commission's decision is arbitrary, capricious, and unreasonable. Gowan claims the decision is unreasonable because others have been allowed to build residences in the area; because he offered to create a buffer with farmland between the shooting area and the residential development and use covenants so purchasers would know of the existence of the firing range; because the cost of moving the law enforcement firing range to another location would be offset by the taxes paid by the development's residents; because if the area is unsafe for potential development residents, it is also unsafe for travelers on a county road running through the area and it is the responsibility of the entities operating the firing ranges to insure the safety of the people in the area; and because any safety issues are created by people other than himself.

[¶ 8] However, there are countervailing arguments the Commission could have considered. One of the two people who lives in the area maintains the firing range, and neither of them live downrange from the firing range. The buffer would not alleviate concerns about hampered recreational activities and harm to wildlife or alleviate the noise caused by the firing range. *See Lindteigen v. City of Bismarck*, 1997 ND 123, ¶ 8, 565 N.W.2d 47 (landowner was not entitled to rezone land from residential to agricultural to build a private airport where there was danger to the public and the potential for excessive noise). The Commission discussed the potential tax benefits but did not believe they would be sufficient to outweigh the negative aspects of the development. Although Gowan argues that there is a road in the area and travelers are equally in danger, the Commission was not obligated to place more people in danger by granting his rezoning request.

[¶ 9] Moreover, even if Gowan's complaints are meritorious, the Commission's concerns are meritorious as well. This Court "does not substitute its judgment for that of the local governing body which initially made the decision." *Hector v. City of Fargo*, 2009 ND 14, ¶ 9, 760 N.W.2d 108. The Commission's decision demonstrates a rational mental process, which is all that is required to survive a challenge under our standard of review. We conclude the Commission's decision is supported by substantial evidence and is not arbitrary, capricious or unreasonable.

III

[¶ 10] Gowan objects to the Commission's written findings because they were issued, at his behest, after he filed the notice of appeal to district court. Section 11–33–01, N.D.C.C., provides the "board of county commissioners and a

county zoning commission shall state the grounds upon which any request for a zoning amendment or variance is approved or disapproved, and written findings upon which the decision is based must be included within the records of the board or commission." Under N.D.C.C. § 28–34–01(2), the "court may permit amendments or additions to the record to complete the record." Gowan requested that the record be completed, and his request was satisfied. The written findings merely summarize the testimony at the Commission meetings. Gowan's argument is without merit.

[¶ 11] Gowan raised equal protection and due process arguments in the district court. However, Gowan abandoned those arguments by failing to raise them in his appellate brief to this Court. *See, e.g., City of Fargo v. Windmill, Inc.,* 350 N.W.2d 32, 35 (N.D.1984). Gowan also claims the Commission's action has resulted in an unconstitutional taking of his property without just compensation. This is not an inverse condemnation action, but is an appeal from a decision of a local governing body under N.D.C.C. § 28–34–01. As in *City of Fargo v. Malme,* 2008 ND 172, ¶ 6, 756 N.W.2d 197, in which the appellant could not "turn an administrative appeal into a federal civil rights action," Gowan cannot turn this appeal into an inverse condemnation action. We therefore do not address this issue.

### IV

[¶ 12] The judgment is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.