2010 ND 16

**William F. RAKOWSKI, Petitioner and Appellant**

v.

**CITY OF FARGO, a political subdivision of the State of North Dakota, Respondent and Appellee.**

No. 20090155.

Supreme Court of North Dakota.

Jan. 26, 2010.

Jonathan T. Garaas, Fargo, N.D., for petitioner and appellant.

Jane L. Dynes (argued) and Ronald H. McLean (on brief), Fargo, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1]   William Rakowski appeals from a district court judgment affirming the decision of the City Commission of the City of Fargo approving a Renewal Plan for Tax Increment Financing and Developer Agreement and dismissing his appeal. We affirm.

I

[¶ 2]   Rakowski owns property on 12th Avenue North in Fargo, across the street from the campus of North Dakota State University ("NDSU"). FM City Development ("FM") owned several lots adjacent to Rakowski's property. FM planned to develop its property by erecting a three-story building that would have commercial tenants on the first floor and apartments on the second and third floors. FM applied to the City of Fargo ("City") to use tax increment financing for the development.

[¶ 3]   As required by city ordinances, FM submitted an application to the City Planner for a conditional use permit to allow residential use of the property, which was zoned Limited Commercial, and to reduce the required number of on-site parking spaces for the development. The City Planner prepared a report for the City Planning Commission. Rakowski was given notice of the public hearing scheduled before the City Planning Commission on the conditional use permit, and he appeared at the hearing and stated his objection to issuance of the conditional use permit. On April 9, 2008, the City Planning Commission granted a conditional use permit for FM's property allowing:

1) An Alternative Access Plan to reduce the number of required parking spaces to a minimum of 33 parking spaces. The 33 parking spaces are intended to allow for 10,700 SF of commercial space on the first floor and 16, 3 bedroom apartments on the remaining two floors.

2) Residential uses within LC, Limited Commercial zoning district.

Rakowski failed to file a timely appeal from the City Planning Commission's grant of the conditional use permit.

[¶ 4]   FM's application for tax increment financing for the project was placed on the agenda of the May 5, 2008, meeting of the City Commission. Rakowski's attorney sent a letter to the City Commission outlining Rakowski's objections and appeared at the City Commission meeting, again arguing Rakowski's objections. Specifically, Rakowski objected to the reduction in required on-site parking, expressing concerns that the development would result in parking congestion on surrounding streets and obstruct access to his property. Representatives of the City Planning Department, NDSU, FM, and the City Attorney explained the basis for al-

lowing a reduction in required on-site parking for FM's development. The City Commission was advised that, due to the development's proximity to NDSU's campus, the commercial tenants would generate "walk up" rather than "drive to" traffic and that the residential units would be marketed to NDSU students and staff who would have access to nearby campus parking. The City Commission voted to approve the Renewal Plan for Tax Increment Financing and Developer Agreement.

[¶ 5] Rakowski's counsel thereafter wrote a letter to the City Attorney voicing continued objections to the development. The matter was again considered at the May 19, 2008, City Commission meeting. Rakowski's counsel again presented objections based upon the reduction in on-site parking, and the City Commission declined to overturn its prior decision approving the tax increment financing. Rakowski appealed the City Commission's decision to the district court, which affirmed the City Commission's decision.

## II

[¶ 6] We employ a very limited scope of review when considering an appeal from a decision of a local governing body. *Gowan v. Ward County Comm'n,* 2009 ND 72, ¶ 5, 764 N.W.2d 425, *cert. denied,* —— U.S. ——, 130 S.Ct. 288, 175 L.Ed.2d 135; *Hentz v. Elma Twp. Bd. of Supervisors,* 2007 ND 19, ¶ 4, 727 N.W.2d 276. We summarized the applicable standards in *Hector v. City of Fargo,* 2009 ND 14, ¶ 9, 760 N.W.2d 108 (citations omitted):

In an appeal from the decision of a local governing body, this Court's scope of review is very limited. This Court's function is to independently determine the propriety of the local governing body's decision, without any special deference to the district court's decision. The decision of a local governing body

must be affirmed unless the local body acted arbitrarily, capriciously or unreasonably, or if there is not substantial evidence supporting the decision. Such a standard of review ensures that the court does not substitute its judgment for that of the local governing body which initially made the decision. A decision is not arbitrary, capricious or unreasonable if it is the product of a rational mental process by which the facts and law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation. In an appeal from a nonjudicial decision, such as a city commission's denial of a zoning amendment request, the record is adequate to support the findings and conclusions of the city if it allows us to discern the rationale for the decision.

In addition, "[w]e fully review the interpretation of an ordinance, and a governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct." *Hentz,* at ¶ 4 (quoting *City of Fargo v. Ness,* 551 N.W.2d 790, 792 (N.D.1996)).

## III

[¶ 7] Rakowski's primary argument on appeal is his assertion that the City has improperly allowed a reduction in the required number of off-street parking spaces for FM's proposed development, and that the City therefore cannot approve tax increment financing for the project because it does not comply with the City's Land Development Code.

[¶ 8] The Land Development Code, Fargo Municipal Code ch. 20, provides schedules for the number of required off-street parking spaces for various commercial and residential land uses. *See* Fargo Municipal Code § 20–0701(B). The Land Development Code, however, allows the City to reduce the number of required

parking spaces through adoption of an Alternative Access Plan. *Id.* at § 20–0701(E). If a parking reduction of more than 25 percent or more than 25 spaces is requested, the request must be considered by the City Planning Commission, which is authorized to issue a conditional use permit allowing the reduction in parking. *Id.* at § 20–0701(E)(1)(b)(2). An aggrieved party may appeal the decision of the City Planning Commission to issue or deny a conditional use permit to the City Commission. *Id.* at § 20–0909(F).

[¶ 9] Rakowski argues that, under the Land Development Code's schedules, FM's development is required to have 78 off-street parking spaces. He further contends the City cannot reduce that number of required spaces because the Land Development Code does not allow off-site parking to satisfy the off-street parking requirements for a residential development. *See id.* at § 20–0701(E)(4)(a). The City contends the Land Development Code authorizes it to consider any alternative to providing off-street parking on site when formulating an Alternative Access Plan. *See id.* at § 20–0701(E)(2).

[¶ 10] Under the facts in this case, we find it unnecessary to resolve the parking dispute on the merits because we conclude Rakowski's arguments constitute an improper collateral attack upon the unappealed decision of the City Planning Commission to issue a conditional use permit allowing a reduction in the number of required parking spaces. Rakowski was provided notice of the public hearing on the request for a conditional use permit. He appeared at the hearing before the City Planning Commission and stated his objection to issuance of the conditional use permit. After the City Planning Commission granted the conditional use permit allowing a reduction in the number of required parking spaces to 33, Rakowski did not file a timely appeal to the City Commission as required by Fargo Municipal Code § 20–0909(F).

[¶ 11] The general rule in such cases is stated in 8A Eugene McQuillin, *Law of Municipal Corporations* § 25.304 (Supp. 2009) (footnotes omitted):

Where a party fails to appeal an adverse decision of a zoning board in the time allowed, the decision of the board is final. A party may not collaterally attack the decision in a different proceeding.

*See also In re Ashline,* 175 Vt. 203, 824 A.2d 579, 582 (2003) (cited in McQuillin) (an unappealed denial of a conditional use permit is binding on interested persons and cannot be collaterally attacked); 101A C.J.S. *Zoning and Land Planning* § 279 ("[d]ecisions of a local zoning board made within the scope of its authority have the effect of final judgments and are conclusive if not appealed from").

[¶ 12] Under analogous circumstances, this Court has held that, where a local governing body had previously determined a house constituted a "dangerous building" and ordered it demolished, the homeowner could not collaterally attack that decision when the city sought a restraining order preventing her from interfering with the demolition of the property:

Evylin, as we stated earlier, appeals only from the order of the district court enjoining her from interfering with the demolition of the property. She did not appeal, as she was entitled to do, from the findings and order of the Fargo City Commission finding her property to be a dangerous building and ordering its demolition. Evylin cannot now collaterally challenge the findings and order of the City Commission. In *Olson v. Cass County,* 253 N.W.2d 179 (N.D.1977), we said:

"If their grievance is not jurisdictional, but goes instead to the correctness of the decision, then it cannot be litigated collaterally and must be attacked directly." 253 N.W.2d at 182–183.

As the City Commission of Fargo had the jurisdiction to hear this matter, its decision cannot be attacked collaterally.

The only question before us then is whether or not the district court acted properly in restraining Evylin from interfering with the demolition of her property. Because Evylin did not appeal from the order of the Fargo City Commission, the district court had no choice but to enjoin and restrain her from interfering with the demolition of her property.

*Bergquist v. Eichelberger,* 262 N.W.2d 19, 21–22 (N.D.1978).

[¶ 13] Under the applicable ordinances, the City Planning Commission had jurisdiction to issue a conditional use permit adopting an Alternative Access Plan. By failing to file a timely appeal, Rakowski effectively waived his objections to the parking reductions and the issuance of the conditional use permit became final. Rakowski is bound by the City Planning Commission's decision on the parking issue and cannot collaterally attack it through a challenge to FM's request for tax increment financing.

## IV

[¶ 14] Rakowski also contends that the City erred in approving tax increment financing for FM's development because tax increment financing cannot be used to promote a residential use and approval of the development would result in unfair competition.

[¶ 15] Rakowski has not drawn our attention to any part of the record demonstrating that these issues were raised or argued to the City Commission, nor has our review of the record revealed any such arguments to the City Commission. "One of the touchstones for an effective appeal on any proper issue" is that the issue was properly raised below so that the original decisionmaker has a meaningful opportunity to make a correct decision and an adequate record is developed for appeal. *See Beeter v. Sawyer Disposal LLC,* 2009 ND 153, ¶ 20, 771 N.W.2d 282 (quoting *Heng v. Rotech Med. Corp.,* 2006 ND 176, ¶ 9, 720 N.W.2d 54). The purpose of an appeal is to review the actions of the original decisionmaker, "not to grant the appellant an opportunity to develop and expound upon new strategies or theories." *Id.*

[¶ 16] Because Rakowski failed to raise these issues at the public hearing before the City Commission, we will not address them on appeal.

## V

[¶ 17] We have considered the remaining issues and arguments raised by the parties and find them to be unnecessary to our decision or without merit. The district court judgment affirming the decision of the City Commission and dismissing Rakowski's appeal is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.