Filed 1/12/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 10

In the Matter of the Guardianship and Conservatorship of G.L., 

an incapacitated person.

C.V., Petitioner

M.L., Petitioner and Appellant

v.

Guardian and Protective Services, Inc., 

Guardian and Conservator, Respondent and Appellee

G.L., an incapacitated person, Appellant

No. 20100246

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Donavin L. Grenz, P.O. Box 637, Linton, N.D. 58552-0637, for petitioner and appellants.

Charles R. Isakson, P.O. Box 1258, Bismarck, N.D. 58502-1258, for respondent and appellee.

Bonnie Louise Storbakken, Guardian ad Litem, P.O. Box 7273, Bismarck, N.D. 58507-7273.

Guardianship and Conservatorship of G.L.

No. 20100246

Sandstrom, Justice.

[¶1] 
G.L. and his wife, M.L., appeal from a district court order terminating Guardian and Protective Services, Inc., as his guardian and conservator and ordering G.L., or his estate, to pay $12,088.28 in expenses for administration of the guardianship and the conservatorship.
(footnote: 1)  We conclude M.L. is collaterally estopped from attacking the initial decision to appoint a conservator and guardian for G.L. and the court did not abuse its discretion in ordering payment of expenses.  We affirm.

I

[¶2] After experiencing behavioral problems at his home on September 6, 2009, G.L. was involuntarily admitted to the psychiatric unit at MedCenter One in Bismarck.  M.L. and the couple’s daughter, C.V., petitioned for appointment of a guardian and a conservator for G.L., alleging he had the onset of dementia with psychological problems, delusions, and paranoia, and he was unable to make informed decisions.  A September 15, 2009, letter from Dr. Patrick Goodman at MedCenter One accompanied the petition and stated G.L. had “evidence of some cognitive decline which is more consistent with dementia” and because of family conflict, recommended a non-family member guardian for his “worsening . . . cognitive functioning” and “dementia with paranoia, probably Alzheimer’s dementia.”  On September 16, 2009, the district court appointed Guardian and Protective Services  as a temporary guardian and conservator for G.L. until December 16, 2009, with authority to make all legal, financial, and residential decisions.  The court also appointed a visitor, Carol Morast, and a guardian ad litem, Bonnie Storbakken, for G.L., and a hearing for appointment of a permanent guardian and conservator was scheduled for December 3, 2009.

[¶3] On September 16, 2009, G.L. was discharged from MedCenter One, and he returned to his home.  After another incident shortly after his discharge, however, he was again involuntarily admitted to the psychiatric unit at MedCenter One and subsequently was involuntarily placed in a secured memory care facility in Bismarck.

[¶4] At the December 3, 2009, hearing on the petition for appointment of a permanent guardian and conservator, M.L. sought to dismiss the petition or to have herself appointed guardian and conservator, while C.V. sought to go forward with the petition.  At the hearing, the district court received reports from the visitor, the guardian ad litem, and Dr. M.C. Brown, a neuropsychologist, which all supported a third-party guardianship and conservatorship for G.L.  The court also heard testimony from G.L., M.L., C.V., and two representatives from Guardian and Protective Services.

[¶5] The visitor’s report summarized the family discord involving G.L. and M.L., their sons, Cr.L. and Ch.L., and their daughter, C.V.:

This is a very difficult case. [M.L.] needs some care that her husband has been providing. [G.L.] and [M.L.] have interacted in a perpetrator/abuser/abuse relationship for 45 years. [M.L.] stated in September that she could no longer live in an abusive relationship, but has recanted most of her information when she and her husband were separated.  The family is in opposite camps and some are not speaking to each other. Information has been stated that is as different as night and day.  Financial interests that influence getting care and psychiatric help have been alleged and fraud in taking out a credit card using [M.L.’s] social security number without her knowledge has been alleged.  Some of this is due to a lifetime of verbal abuse by the children, and a 45 year marriage that the relationship has been alleged to be abusive from the beginning. [M.L.] has also been alleged to be verbally abusive to her husband in conversations that have been overheard by [G.L.’s] residence staff.  Added to long term abuse by [G.L.] of his children and wife is the diagnosis of dementia which may cause the abuse to escalate.  The possession and threats of loaded weapons ([Ch.L.] states that the constitution guarantees his father the right to bear arms) further makes this a dangerous situation.  Given the conflicting information, a distrust that [G.L.] can change his ingrained behavior, distrust in [Ch.L. and his wife’s] ability to look after their mother and father’s best interests given their financial interest in the situation, the reluctance of [C.V.] to take on guardianship due to living in [another state] and the need for someone to be closely supervising matters, and [Cr.L.’s] desire not to be further involved due to family pressures, I recommend a non family guardian who can access services that are needed without family pressures.

[¶6] At the hearing, counsel for M.L. objected to the introduction of Dr. Brown’s report from a neuropsychological evaluation conducted on November 19, 2009, which summarized G.L.’s condition and also recommended a third-party guardian and conservator:

[G.L.] is a 78 year old right-handed male, with an 8th grade education.  Results of the current neuropsychological evaluation indicate that a moderate to severe degree of dementia now exists (104/144 on a dementia rating scale).

Neuropsychological data indicated impaired performance on measures of verbal fluency, word retrieval, basic expressive language skills, graphomotor ability, and mental tracking skills.  In addition, a severe degree of impairment was noted on measures of abstract reasoning, and analogous thinking.  Further, deficits on measures of basic visual reasoning were also noted.  Very significant memory dysfunction was also found.

Collectively, the current findings are very indicative [of] a cortically based dementing process, most likely senile dementia of the Alzheimer type.  His right eye ptosis and drooling also suggest an underlying small vessel disease process.

Given the current findings, [G.L.] is clearly not in a position to make reasoned psychosocial decisions regarding important issues such as his place of residence.  Pursuit of guardianship is clearly indicated.  Medical records also indicate significant concerns regarding his basic abilities and psychological status.

Overall, it is very good that he is residing in a memory care unit.  If this type of environment is not able to maintain his behavior, transfer to a skilled care nursing environment is strongly recommended.

[¶7] The district court relied on Dr. Brown’s report and found by clear and convincing evidence G.L. was an incapacitated person and his best interests required appointment of a guardian and a conservator.  The court appointed Guardian and Protective Services as G.L.’s permanent guardian and conservator.  M.L. and her son, Ch.L., moved for a new trial, for relief from the court’s order for termination and removal of Guardian and Protective Services as G.L.’s conservator and guardian, and for an order releasing G.L. from involuntary inpatient treatment.  The guardian ad litem and Guardian and Protective Services resisted that motion, and on February 4, 2010, the district court denied the motion.

[¶8] In March 2010, M.L. moved for a new trial, for termination of Guardian and Protection Services as G.L.’s guardian and conservator, and for appointment of M.L. as his guardian and conservator.  The guardian ad litem and Guardian and Protective Services opposed M.L.’s motion.  
After an April 2010 report from a second neuropsychologist, Dr. David Brooks, and while M.L.’s second request for reconsideration was pending, Guardian and Protective Services petitioned on April 26, 2010, to terminate the guardianship and the conservatorship.  Dr. Brooks’ report noted G.L. was doing better with cognitive functioning and his thought disorder was controlled on medication.  Dr. Brooks recommended returning G.L. to independent living without supervision and terminating guardianship services.  After a hearing, the court terminated the guardianship and the conservatorship and ordered G.L., or his estate, to pay $12,088.28 in expenses for administration of the guardianship and the conservatorship.

[¶9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06 and 30.1-02-02.  The appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28-27-

02 and 30.1-02-06.1.

II

[¶10] M.L. argues G.L.’s due process and statutory rights were violated when she was denied the right to present evidence and cross-examine Dr. Brown and the visitor at the December 2009 hearing. She also asserts G.L. was prohibited  from obtaining a second neuropsychological examination, which would have established the guardianship and the conservatorship should not have been ordered or should have been terminated.  M.L. argues Guardian and Protective Services, its attorney, and the guardian ad litem are not entitled to recover their expenses because they failed to fulfill their duties to protect the rights of G.L. and M.L.

[¶11] An order appointing a guardian and a conservator is appealable under N.D.C.C. §§ 30.1-02-06.1 and 28-27-02.  
See
 
In re Guardianship and Conservatorship of V.J.V.N.
, 2008 ND 106, ¶¶ 1, 7-8, 750 N.W.2d 462.  M.L. did not timely appeal from the decision rendered after the December 2009 hearing.  At that hearing, counsel for M.L. did not request a continuance and indicated “we’re ready to proceed.”  
The issues raised about the admissibility of evidence and cross-examination of witnesses in this appeal stem from the earlier decision from which there was no appeal.  M.L. is effectively attempting to raise issues in this appeal which were resolved in the earlier unappealed order appointing Guardian and Protective Services as G.L.’s guardian and conservator.  She waived her right to contest the issuance of that order by not appealing from that order and may not now collaterally attack the efficacy of that order in this proceeding.  
See
 
State ex rel. N.D. Dep’t of Labor v. Riemers
, 2010 ND 43, ¶¶ 8-10, 779 N.W.2d 649 (party may not use second N.D.R.Civ.P. 60(b) motion to raise issues that were finally resolved in prior unappealed denial of first Rule 60(b) motion); 
Rakowski v. City of Fargo
, 2010 ND 16, ¶¶ 10-13, 777 N.W.2d 880 (failure to file timely appeal from City Planning Commission decision renders decision final and party may not collaterally attack decision in different proceeding); 
Tibbetts v. Dornheim
, 2004 ND 129, ¶ 11, 681 N.W.2d 798 (failure to timely appeal orders that merged into fourth amended judgment precluded review in appeal from order entered after fourth amended judgment).  We conclude M.L. may not in this appeal collaterally attack the initial decision appointing a guardian and a conservator for G.L.

[¶12] A guardian and a conservator are entitled to reasonable compensation for services under N.D.C.C. §§ 30.1-28-12 and 30.1-29-14, and a district court has discretion to determine the amount of reasonable compensation.  
See
 
V.J.V.N.
, 2008 ND 106, ¶ 12, 750 N.W.2d 462 (holding N.D.C.C. § 30.1-28-12(10) entitles guardian to reasonable compensation for services and does not permit district court to preemptively reject guardian’s request for compensation if request is reasonable).  “‘A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, or if it misinterprets or misapplies the law.’”  
In re Guardianship and Conservatorship of D.M.O.
, 2008 ND 100, ¶ 14, 749 N.W.2d 517 (quoting 
Gratech Co., Ltd. v. Wold Eng’g, P.C.
, 2007 ND 46, ¶ 18, 729 N.W.2d 326).  This record does not establish the district court misapplied the law in ordering payment of expenses for the guardianship and the conservatorship, or the court’s decision regarding payment of those expenses is arbitrary, unconscionable, or unreasonable. We therefore conclude the court did not an abuse its discretion in ordering the payment of expenses for the administration of the guardianship and the conservatorship.

III

[¶13] We affirm the district court order.

[¶14] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:
Although the notice of appeal states that both G.L. and M.L. have appealed from the order terminating the guardianship and the conservatorship, only M.L. has filed an appellate brief to this Court.