2011 ND 148

**Melvin MERTZ, Plaintiff and Appellant**

v.

**CITY OF ELGIN, GRANT COUNTY, North Dakota, Defendant and Appellee.**

No. 20110054.

Supreme Court of North Dakota.

July 21, 2011.

Patrick D. Hope (argued) and Mary E. Nordsven (appeared), Dickinson, N.D., for plaintiff and appellant.

Ronald J. Weikum (argued), Elgin, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Melvin Mertz appealed the district court order affirming the decision by the City of Elgin ("Elgin") to deny his application for a permit to build a fence on the edge of his property. Mertz argued Elgin's interpretation of its ordinances was arbitrary and unreasonable. We affirm.

I

[¶ 2] Mertz applied for a permit to build a fence on the lot line at the edge of his residential property in Elgin, North Dakota. Elgin's city attorney opined the fence violated city ordinances that prohibited a structure from being built within seven feet of the lot line along a side yard. Elgin's city council denied Mertz's application based upon the city attorney's opinion. The district court affirmed the denial by Elgin's city council, stating the interpretation and application of the ordinances was reasonable.

II

[¶ 3] This Court's scope of review of the decision of a local governing body is the same as the district court's scope of review, and it is very limited. *Hagerott v. Morton Cnty. Bd. of Comm'rs*, 2010 ND 32, ¶ 7, 778 N.W.2d 813 (citing *Gowan v. Ward Cnty. Comm'n*, 2009 ND 72, ¶ 5, 764 N.W.2d 425; *Tibert v. City of Minto*, 2006 ND 189, ¶ 8, 720 N.W.2d 921); *see also* N.D.C.C. § 28-34-01. This Court does not give special deference to the district court decision, but independently reviews the propriety of the local governing body's decision. *Id.* (citing *Gowan*, at ¶ 5; *Tibert*, at ¶ 8). The local governing body's decision must be affirmed unless it acted arbitrarily, capriciously, or unreasonably, or if there is not substantial evidence supporting the decision. *Id.* (citing *Gowan*, at ¶ 5; *Tibert*, at ¶ 8). "A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation." *Id.* (quoting *Gowan*, at ¶ 5; *Tibert*, at ¶ 8).

[¶ 4] This case involves the interpretation of city ordinances. This Court "fully review[s] the interpretation of an ordinance, and a governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct." *Hagerott,* 2010 ND 32, ¶ 7, 778 N.W.2d 813 (quoting *Gowan,* 2009 ND 72, ¶ 5, 764 N.W.2d 425; *City of Fargo v. Ness,* 551 N.W.2d 790, 792 (N.D.1996)). "The interpretation of a zoning ordinance is governed by the rules of statutory construction." *Id.* at ¶ 13 (citing *Hentz v. Elma Twp. Bd. of Supervisors,* 2007 ND 19, ¶ 9, 727 N.W.2d 276). The interpretation of an ordinance is a question of law subject to full review on appeal. *Id.* (citing *Hentz,* at ¶ 9). This Court determines the enacting body's intent by giving language its plain, ordinary, and commonly understood meaning, and will not disregard unambiguous language to pursue the spirit of an ordinance. *Id.* (citing *Hentz,* at ¶ 9). Ordinances are construed as a whole. *Id.* (citing *Hentz,* at ¶ 9). This Court ordinarily defers to a reasonable interpretation of an ordinance by the agency enforcing it, but an interpretation that contradicts clear, unambiguous language is not reasonable. *Id.* (citing *Lee v. N.D. Workers Comp. Bureau,* 1998 ND 218, ¶ 11, 587 N.W.2d 423). "The interpretation of a zoning ordinance by a governmental entity is a quasi-judicial act, and a reviewing court should give deference to the judgment and interpretation of the governing body rather than substitute its judgment for that of the enacting body." *Id.* (citing *Pulkrabek v. Morton Cnty.,* 389 N.W.2d 609, 615 (N.D.1986)).

[¶ 5] Elgin's city council denied Mertz's application based upon the city attorney's opinion. The city attorney opined the proposed fence would violate city ordinances prohibiting the building of a structure within seven feet of the lot line of a side yard. Each side yard in a residential zone in Elgin "shall be a minimum of 7 feet." A side yard is defined as, "A yard between the front and rear yard measured horizontally at right angles from the side lot line to the nearest point of a building or other structure." A yard is, "An open space on a lot which is unobstructed from the ground upward except as otherwise provided. . . ." A building and a structure are defined separately. A structure is, "Something constructed or built, or a piece of work artific[i]ally built up or composed of parts joined together in some definite manner."

[¶ 6] The city attorney opined a fence is a structure, which meant a fence must be seven feet from the lot line, and the Elgin city council agreed with the interpretation. Mertz argued the definition of a structure should include only buildings or structures like buildings, and should not include a fence. However, the ordinances provide separate definitions for structures and buildings. The plain language providing the definition of a structure as "something constructed or built . . . or composed of parts joined together . . ." includes the attributes of a fence. It was reasonable for Elgin to decide a fence is a structure and prohibited within seven feet of the side yard lot line.

[¶ 7] Mertz argued that if a fence is a structure, the ordinances lead to an absurd result where a fence can only be built seven feet from the lot line. This Court "construe[s] statutes to avoid absurd or illogical results," *Blomdahl v. Blomdahl,* 2011 ND 78, ¶ 10, 796 N.W.2d 649, and a court may resort to extrinsic aids to interpret a statute and avoid an absurd result. *Stutsman Cnty. v. State Historical Soc'y of North Dakota,* 371 N.W.2d 321, 325 (N.D.1985). Elgin's interpretation of the ordinances does not lead to an absurd

result. Prohibiting a fence from being placed on a lot line is not absurd. Elgin has the authority to regulate and restrict the size of yards and locations of structures. *See* N.D.C.C. § 40–47–01. Mertz argued the ordinances were not a valid exercise of Elgin's police powers. "A zoning ordinance must be reasonable: Courts will invalidate a zoning ordinance that bears no reasonable relationship to a legitimate governmental purpose, that is arbitrary, or that deprives a property owner of all or substantially all reasonable uses of his land." *Eck v. City of Bismarck*, 283 N.W.2d 193, 197 (N.D.1979). Unless shown to be unreasonable or arbitrary, an ordinance is presumed to be valid. *Munch v. City of Mott*, 311 N.W.2d 17, 22 (N.D. 1981). The purposes of the ordinances and the effects of the ordinances on other individuals in Elgin are not available on the record. However, Mertz has not proven there is no legitimate governmental purpose or that the ordinances are arbitrary.

[¶ 8] Mertz argued the Elgin city council acted without making findings on evidence, and there was not substantial evidence to support or justify its decision. "In an appeal from a nonjudicial decision, such as a city commission's denial of a zoning amendment request, the record is adequate to support the findings and conclusions of the city if it allows us to discern the rationale for the decision." *Rakowski v. City of Fargo*, 2010 ND 16, ¶ 6, 777 N.W.2d 880 (quoting *Hector v. City of Fargo*, 2009 ND 14, ¶ 9, 760 N.W.2d 108). The city council minutes show the city council relied upon the city attorney's opinion. The city attorney's opinion is available and lays out the rationale of why the proposed fence would violate the ordinances. The record shows Elgin had on file Mertz's permit application, a drawing of Mertz's lot with the proposed fence, a statement of the zoning and planning commission that the members of the commission had no issue with the fence based upon a visual examination, the city attorney's letter of his opinion based upon a reading of the ordinances, and a copy of the ordinances. The record supports the city council's decision, and we can discern the rationale for the city council's decision.

[¶ 9] Mertz argued other residents in Elgin had structures within seven feet of their lot lines, and the drawing included with Mertz's permit application shows his neighbor's garage is twelve inches from the lot line. However, there is nothing on the record indicating whether the ordinances were in effect when these structures were built. From the record, we cannot say Mertz's permit application was arbitrarily denied while others were not prohibited from building within seven feet of the side yard lot line.

III

[¶ 10] Elgin's interpretation of the ordinances was reasonable, and the city council's denial of Mertz's permit application was not arbitrary, capricious, or unreasonable. We affirm the district court order affirming the decision by the Elgin city council.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.