2016 ND 249

**WESTERN PETROLEUM, LLC and Maxum Petroleum Operating Company, Inc., d/b/a Pilot Logistics Services, Appellants**

**v.**

**WILLIAMS COUNTY BOARD OF COMMISSIONERS, Appellee**

No. 20160089

Supreme Court of North Dakota.

Filed 12/20/2016

Christopher P. Parrington, Minneapolis, MN, for appellants.

Randall J. Bakke (argued) and Shawn A. Grinolds (appeared), Bismarck, ND, for appellee.

Crothers, Justice.

[¶ 1] Western Petroleum, LLC, and Maxum Petroleum Operating Company, Inc., doing business as Pilot Logistics Services, appeal from a district court order affirming their appeal of the Williams County Board of County Commissioners' decision to penalize Pilot for violating the county's temporary housing regulations. We reverse and remand because the Board unreasonably interpreted the regulations.

I

[¶ 2] In September 2011 the Williams County Board of County Commissioners adopted temporary housing regulations relating to the use of "man camps" or "crew housing facilities" in the county. The use of temporary housing on property within the county is prohibited without a conditional use permit. The civil penalty for violating the temporary housing regulations is $1,000 per violation. The regulations state a separate violation is committed each day a violation is committed.

[¶ 3] In September 2011 the Board granted Western Petroleum a conditional use permit for temporary housing units on its property. The permit allowed Western Petroleum to use up to 40 RVs for one year and up to seven mobile homes for two years. Pilot Logistics acquired Western Petroleum and its property in February 2012. Western Petroleum did not transfer the permit to Pilot, nor did Pilot renew the RV permit when it expired in September 2012 and for the mobile homes in September 2013.

[¶ 4] In 2014 the Board became aware that Pilot continued to use the property for temporary housing after Western Petroleum's permit expired. Pilot was out of compliance on 40 RVs since September 6, 2012, and on seven mobile home units since September 6, 2013. Pilot also had two two-story framed houses on the property that were not permitted under Western Petroleum's conditional use permit.

[¶ 5] At its July 8, 2014, meeting the Board assessed a $29,635,000 penalty against Pilot for violating the temporary housing regulations during the period of noncompliance until June 10, 2014. The Board calculated the penalty by treating each non-permitted use as a violation subject to a $1,000 penalty per day. The Board calculated the $1,000 penalty on a per housing unit, per day basis. From September 6, 2013, to June 10, 2014, the Board found Pilot committed 49 violations each day subject to the $1,000 penalty for having 40 RVs, seven mobile homes and

two two-story framed houses on the property.

[¶ 6] The Board also offered Pilot a reduced penalty of $1,885,000 if paid within 10 days. Pilot did not pay the reduced penalty and the Board imposed the full penalty of $29,635,000. The district court affirmed the Board's decision, concluding the penalty against Pilot was supported by the evidence and was not an unreasonable interpretation of the temporary housing regulations.

## II

[¶ 7] Pilot argues the Board acted in an arbitrary, capricious and unreasonable by penalizing Pilot $29,635,000 for violating Williams County's temporary housing regulations.

[¶ 8] Our standard of review in an appeal from the decision of a board of county commissioners or other local governing body under N.D.C.C. § 28-34-01 is very deferential and limited. *Dahm v. Stark Cty. Bd. of Cty. Comm'rs*, 2013 ND 241, ¶ 8, 841 N.W.2d 416. This Court independently determines whether the local body's decision was appropriate and will affirm unless the local body acted arbitrarily, capriciously or unreasonably. *Id.*

[¶ 9] We interpret ordinances under the same rules applicable to statutes. *Hentz v. Elma Twp. Bd.*, 2007 ND 19, ¶ 9, 727 N.W.2d 276. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears." N.D.C.C. § 1-02-02. In construing an ordinance, we ascertain the governing body's intent by giving the ordinance's language its plain, ordinary and commonly understood meaning. *Hentz*, at ¶ 9. The interpretation of an ordinance is a question of law, fully reviewable on appeal and a governing body's failure to correctly interpret its ordinance constitutes arbitrary, ca-

pricious and unreasonable conduct. *Gowan v. Ward Cty. Comm'n*, 2009 ND 72, ¶ 5, 764 N.W.2d 425. This Court gives deference to a governing body's reasonable interpretation of its own ordinance, however, an interpretation contradicting clear and unambiguous language is not reasonable. *Mertz v. City of Elgin*, 2011 ND 148, ¶ 4, 800 N.W.2d 710.

[¶ 10] The primary issue here is the Board's interpretation and application of the civil penalty provision of the temporary housing regulations. Pilot argues the Board unreasonably interpreted the civil penalty provision of the regulations by calculating the penalty on a per housing unit, per day basis. We agree the Board did not reasonably interpret the regulations.

[¶ 11] The temporary housing regulations require a conditional use permit for temporary housing facilities or camps on property within Williams County. Having a temporary housing facility without a permit violates the regulations.

[¶ 12] Under the temporary housing regulations it is "unlawful for any person or organization . . . to violate any provision of these regulations." The civil penalties provision of the regulations states:

"Violations of any provision of these regulations may be enforced through civil proceeding by the State's Attorney or other proper county authorities. Any person or organization . . . who violates, causes or, with knowledge, permits a violation of any provision of these regulations shall be subject to a civil penalty of one thousand dollars ($1,000.00) per violation."

A separate violation is committed each day any provision is violated.

[¶ 13] The Board treats each non-permitted use under the regulations as a violation and calculates the $1,000 penalty on a per housing unit, per day basis. The

Board argues this interpretation is reasonable because in applying for a conditional use permit the regulations require an applicant to submit a site plan indicating the number and types of proposed housing. The Board argues each temporary housing unit represents a structure subject to the Board's statutory authority to regulate. *See* N.D.C.C. § 11–33–01 (granting counties authority to regulate the location and use of buildings and structures and the use or occupancy of land).

[¶ 14] The district court agreed with the Board's interpretation of the civil penalties provision:

"The Board's interpretation of the civil penalty provisions to apply to each temporary housing unit is reasonable because each CUP [conditional use permit] for temporary housing presented to the Board is based on the applicant's specific request for particular types of temporary housing units (such as RVs, skid units, mobile homes, modular units, and combinations thereof or other types of housing) and a specific number of temporary housing units. Based on the circumstances, the Board then either grants a CUP for the particular types of temporary housing units and for the specific number of units requested, grants a CUP for a lesser number of units, or denies the CUP. Because the granting of a CUP is expressly tied to specific types of temporary housing units and a specific number of each type of unit, it is the non-permitted use of even a single temporary housing unit over and above the number granted by the CUP which constitutes a violation of the Regulations and the Zoning Ordinance. Therefore, each use of a temporary housing unit over and above the CUP limit or each use of a unit without a CUP constitutes a separate violation of the Regulations and the Zoning Ordinance. Under Appellants' interpretation of the Regulations and Zoning Ordinance, the assessable civil penalty would be the same regardless of whether a single non-permitted temporary housing unit was utilized on the property, or whether one hundred non-permitted temporary housing units were utilized on the property. Such an interpretation makes no sense and would be inequitable."

[¶ 15] The temporary housing regulations require an applicant for a conditional use permit to indicate the number of proposed housing units; however, the Board does not issue a separate permit for each housing unit on the property. The Board issues a single permit regardless of the number of housing units on the property. The regulations also require an applicant to provide any other information as requested. Under the Board's interpretation it could require an applicant to indicate how many beds will be in the housing units or how many employees will be living in the units. Under the Board's interpretation, it then could penalize a violator $1,000 per day on a per bed or per employee basis. Such an interpretation is not reasonable. *See Sorenson v. Felton*, 2011 ND 33, ¶ 14, 793 N.W.2d 799 (statutes must be interpreted to avoid absurd results).

[¶ 16] The plain language of the regulations state it is unlawful to violate any of its provisions. The penalty for violating the provisions is $1,000 per violation. The Board penalized Pilot for violating the conditional use permit provision. Pilot violated that provision by operating a temporary housing facility without a conditional use permit. The Board did not penalize Pilot for violating any other provisions, such as not paying real property taxes or crew housing permit fees or not providing adequate services and facilities in the temporary housing camp. Under the clear and

unambiguous language of the regulations, Pilot is subject to a $1,000 penalty per day for violating the conditional use permit provision. The Board's interpretation contradicts the clear and unambiguous language of the regulations and is not reasonable.[1]

[¶ 17] Because the Board unreasonably interpreted the temporary housing regulations, we need not address Pilot's remaining arguments.

### III

[¶ 18] The district court's order is reversed and remanded to the Board to recalculate the penalty against Pilot.

[¶ 19] Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom

I concur in the result.

Gerald W. VandeWalle, C.J.

1. In September 2015 the Board repealed the Temporary Housing Regulations and adopted the Williams County Zoning Ordinance and Subdivision Regulations. The regulations now plainly state each temporary housing unit in violation shall be subject to a $1,000 civil penalty per day.