2008 ND 106

**In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF V.J.V.N., an Allegedly Incapacitated Person.**

**S.D.F., Petitioner and Appellant**

**v.**

**L.K. and V.K.-R., Respondents.**

**No. 20080024.**

Supreme Court of North Dakota.

June 5, 2008.

Matthew H. Olson and Carol K. Larson, Pringle & Herigstad, P.C., Minot, ND, for

petitioner and appellant; submitted on brief.

L.K. and V.K.-R., respondents; no appearance.

KAPSNER, Justice.

[¶ 1] S.F. appeals an order appointing S.F. as the guardian of V.N., but denying S.F. compensation for guardianship services. We reverse and remand the order of the district court.

## I

[¶ 2] V.N., the ward in this action, has four adult children: S.F., who resides in San Antonio, Texas; A.R., who resides in Minot, North Dakota; A.A.V.N., who resides in Bothell, Washington; and V.K.-R., who resides in Minot, North Dakota. V.N. also has a granddaughter, L.K., who is the daughter of V.K.-R.

[¶ 3] On July 27, 2007, S.F. made a motion for temporary guardianship and conservatorship of her mother, V.N. The district court granted the motion, appointing S.F. as V.N.'s temporary guardian and conservator. On August 20, 2007, S.F. petitioned the district court to appoint her the permanent guardian and conservator of V.N. On September 5, 2007, L.K., V.N.'s granddaughter, cross-petitioned to become the guardian and conservator of V.N. A.A.V.N. and A.R. each filed a Waiver of Notice and Nomination of Guardian, in which each nominated S.F. as guardian of V.N.

[¶ 4] On October 5, 2007, a hearing was conducted on S.F.'s petition for guardianship and conservatorship. At the hearing, L.K. withdrew her cross-petition for guardianship and conservatorship, making S.F. the only party petitioning to be appointed guardian and conservator. At the time the hearing was conducted, three of V.N.'s children, A.A.V.N., A.R., and S.F., were in favor of S.F. being nominated guardian. V.K.-R., V.N.'s fourth child, did not petition the district court nor did she attend the hearing. A guardian ad litem, a physician, and a visitor provided reports to the district court before the permanent guardianship and conservatorship appointments were ordered. The reports of the guardian ad litem and visitor noted anger and mistrust between family members, but recommended that a family member, rather than a third party, serve as V.N.'s guardian.

[¶ 5] On October 8, 2007, the district court issued an order granting S.F.'s petition in part, appointing S.F. as guardian and a public administrator, Mark Westereng, as conservator of V.N. This order provided S.F. was not entitled to any compensation for her services as V.N.'s guardian and denied her request to serve as V.N.'s conservator. The October 8, 2007, order stated:

> The Court … appoints [S.F.], daughter of [V.N.], as Guardian. [S.F.], as Guardian, shall have the powers and duties set out in accordance with § 30.1-28-12 of the NDCC. It is directed that those powers and duties be specifically delineated in the documentation giving said authority to the Guardian. The Guardian shall not be entitled to any remuneration for her duties as Guardian.

[¶ 6] On October 10, 2007, S.F. submitted a request for reconsideration and clarification in which S.F. requested the district court reconsider its appointment of Westereng as conservator, and the district court permit S.F. reasonable compensation for her services as V.N.'s guardian. In response to S.F.'s request for reconsideration and clarification, the district court issued a second order on October 24, 2007, which denied S.F.'s request to be appointed conservator and denied compensation

for her expenses as guardian. On October 24, the district court also received letters from V.N.'s fourth child, V.K.-R., and granddaughter, L.K., alleging S.F. should not serve as V.N.'s guardian because of alleged abuse, the potential for S.F. to commit financial misconduct, and other family problems existing in S.F.'s home in Texas. V.K.-R. and L.K. requested the district court reverse the guardianship order and return V.N. to North Dakota. The district court, noting both the guardian ad litem and visitor had expressed concerns about anger and mistrust between the family members, reaffirmed its intention to appoint Mark Westereng as conservator of V.N. and to deny S.F. compensation for services as guardian. The October 24, 2007, order stated:

> The Court has, in its Order of October 8th, 2007, made the decision to allow [S.F.] the opportunity to exercise care for her mother. This decision was based upon a showing by [S.F.] at the hearing that she has a great need to give her mother a better life now. She expressed a great deal of compassion for her mother, a heartfelt concern for her mother's well being, and an overriding necessity to meet all of her needs. This included all of the physical, emotional and psychological needs of [V.N.]. The Court was convinced by [S.F.] that you cannot place a monetary value on such an expression of concern and compassion. [S.F.] made it clear that assets and financial gain played no part in her Petition to the Court for Guardianship. The Court found [V.N.'s] well being, in the care of her daughter, [S.F.], to be an overriding concern. Accordingly, this is [S.F.]'s opportunity to put forth her expression into one of clear action for the benefit of her mother without any personal gain beyond the knowledge and satisfaction she should derive from her actions alone.

> No personal remuneration is required to accomplish these actions of love and caring. This is also a *Finding of Fact*. Room, board and services provided by [S.F.] and at [S.F.]'s home, to include [S.F.]'s family members, shall not be recoverable as an expense to [V.N.]'s estate.

(Emphasis in original).

[¶ 7] On November 15, 2007, the district court issued an order appointing S.F. guardian and Westereng conservator of V.N. and denying S.F. compensation for services rendered or expenses paid as guardian.

[¶ 8] S.F. appeals from this order, arguing she is entitled to compensation as guardian under N.D.C.C. § 30.1–28–12(10).

## II

[¶ 9] "The district court has discretionary authority regarding the management of a protected person's estate, and the court's decisions on those matters will only be reversed on appeal for an abuse of discretion." *Estate of Allmaras*, 2007 ND 130, ¶ 12, 737 N.W.2d 612 (citation omitted). "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Id.* (citation omitted). Questions of statutory interpretation and application are questions of law, which are fully reviewable on appeal. *Guardianship of Shatzka*, 2003 ND 147, ¶ 5, 669 N.W.2d 95 (citation omitted). While the record is replete with facts disputed by V.N.'s family members, the facts and allegations made by V.N.'s family are not determinative of the issue raised in this appeal. This appeal turns solely on questions of law: whether N.D.C.C. § 30.1–28–12(10) provides that the guardian of a protected person is entitled to reasonable compensation

for expenses incurred as guardian and whether the district court may preemptively order the guardian shall not receive compensation.

[¶ 10] When this Court interprets statutes

"[o]ur duty is to ascertain the Legislature's intent, which initially must be sought from the statutory language itself, giving it its plain, ordinary, and commonly understood meaning. N.D.C.C. §§ 1–02–02 and 1–02–03. If statutory language is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit, because the Legislature's intent is presumed clear from the face of the statute. N.D.C.C. § 1–02–05. If statutory language is ambiguous, a court may resort to extrinsic aids, including legislative history, to interpret the statute. N.D.C.C. § 1–02–39. A statute is ambiguous if it is susceptible to meanings that are different, but rational."

*Guardianship/Conservatorship of Van Sickle*, 2005 ND 69, ¶ 18, 694 N.W.2d 212 (quoting *Van Klootwyk v. Baptist Home, Inc.*, 2003 ND 112, ¶ 12, 665 N.W.2d 679).

[¶ 11] The statute in question in this case is N.D.C.C. § 30.1–28–12(10), which reads:

The guardian is *entitled to receive reasonable sums* for services and for room and board furnished to the ward as approved by the court or as agreed upon between the guardian and the conservator, provided the amounts agreed upon are reasonable under the circumstances. The guardian may request the conservator to expend the ward's estate by payment to third persons or institutions for the ward's care and maintenance.

(Emphasis added). S.F. argues the district court abused its discretion in the order appointing guardianship and conservatorship because the order expressly and preemptively denies S.F. any compensation for services she provides as V.N.'s guardian. S.F. argues such a denial is a misinterpretation and misapplication of N.D.C.C. § 30.1–28–12(10).

[¶ 12] The language of N.D.C.C. § 30.1–28–12(10) is unambiguous. The language provides the guardian is "entitled to receive" compensation, so long as such compensation is approved by the district court or conservator and the amount of compensation requested is reasonable under the circumstances. The meaning of the word "entitle" is: "[t]o grant a legal right to or qualify for." *Black's Law Dictionary* 553 (7th ed.1999). Thus, N.D.C.C. § 30.1–28–12(10) grants to S.F. the right to receive compensation for her services as guardian, conditioned upon the district court's or conservator's determination that the compensation requested by S.F. is reasonable. The plain and ordinary meaning of the language of this statute indicates the Legislature intended to give the district court the discretion to consider what compensation is reasonable under the circumstances of any given guardianship, but this statutory language does not permit the district court to completely and preemptively reject a guardian's request for compensation if such a request is reasonable.

[¶ 13] The district court made a variety of findings to support its conclusion that S.F. was not performing as guardian for personal gain and that it would be difficult to place a value on certain everyday services S.F. provided, such as providing emotional support to her mother. The plain language of the statute, however, does not remove a guardian's right to reasonable compensation simply because the guardian seeks to provide services for reasons other than receipt of financial compensation. This statute does not create an exception for compensation because a guardian's mo-

tives are based upon emotional, rather than financial, gain. There is evidence in the record to support the district court's factual findings regarding the family relationships and S.F.'s non-economic motives in pursuing the guardianship appointment, but these factual findings are immaterial to the determination of whether S.F. is entitled to reasonable compensation for her guardianship services. However, in holding a guardian's motives are immaterial to the guardian's rights to reasonable compensation, we do not hold that such inquiry and determination is immaterial to the appointment of the guardian.

[¶ 14] We note the district court further found there was distrust between V.N.'s children, particularly with respect to alleged financial motives underlying the guardianship. Accordingly, the district court appointed a public administrator to serve as V.N.'s conservator and to protect against potential financial misconduct at the hands of any of V.N.'s children. Because S.F. is not V.N.'s conservator, under N.D.C.C. § 30.1–28–12(10), S.F. would not have unfettered discretion to compensate herself for guardianship services provided; S.F. instead must approach and receive the approval of the conservator or district court for compensation for guardianship services.

[¶ 15] The plain and ordinary meaning of the language in N.D.C.C. § 30.1–28–12(10) grants to S.F. the right to reasonable compensation. Therefore, the district court abused its discretion when it misinterpreted and misapplied the statute, ordering S.F. was preemptively denied any compensation while serving as V.N.'s guardian.

### III

[¶ 16] We reverse and remand the order of the district court. In addition to the district court's reconsideration of the order's provision for compensation for V.N.'s guardian, the district court may also reconsider the appointment of the guardian on remand to the extent the district court relied upon lack of financial motivation in determining the appointment of V.N.'s guardian.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.