2015 ND 247

In the Matter of the GUARDIANSHIP OF the Person and Conservatorship of the Estate of V.A.M., an Incapacitated Person

P.M., Petitioner

v.

V.A.M., T.M., K.J., D.N., S.M, P.S.M, L.S.; First International Bank and Trust, Limited Conservator; Fiduciary and Advocacy Services, Limited Guardian, Respondents

T.M. and K.J., Appellants

V.A.M. and D.N., Appellees.

No. 20150043.

Supreme Court of North Dakota.

Oct. 13, 2015.

Zachary E. Pelham, Bismarck, N.D., for appellants.

Samuel S. Rufer (argued), Detroit Lakes, Minn., and Stephen Rufer (on brief), Fergus Falls, Minn., for respondent and appellee D.N.

John A. Juelson, Hillsboro, N.D., for respondent and appellee V.A.M; submitted on brief.

KAPSNER, Justice.

[¶ 1] T.M. and K.J., the children of V.A.M., appeal from an order authorizing V.A.M.'s conservator to assign V.A.M.'s legal claims. T.M. and K.J. argue the district court erred in creating a "sub-conservator" to investigate and decide whether to pursue V.A.M.'s legal claims. D.N., V.A.M.'s daughter, contends the court assigned V.A.M.'s legal claims to his children and did not create a "sub-conservator." We are unable to understand the basis for the district court's order, and we reverse and remand.

I

[¶ 2] In December 2012, P.M., the son of V.A.M., petitioned for the appointment of a guardian and conservator for his father. V.A.M. was 81 years old at the time of the petition; he has seven children. A guardian ad litem was appointed and filed a detailed reply, recommending the district court appoint a third-party limited corporate guardian and a third-party limited corporate conservator.

[¶ 3] In May 2013, V.A.M. and some of his children, including D.N., P.M., K.J., and T.M., reached an agreement and stipulated a limited guardianship and limited conservatorship were necessary. The stipulation specified V.A.M.'s rights and the guardian and conservator's duties. After a hearing, the district court adopted the parties' stipulation and appointed a third-party limited guardian and a third-party limited conservator for V.A.M. The court found a limited guardianship and a limited conservatorship were necessary as the best means of providing care, supervision, and habilitation for V.A.M. The court appointed Guardian, Fiduciary & Advocacy Services as the limited guardian and First International Bank & Trust of Fargo ("Bank") as the limited conservator.

[¶ 4] In September 2014, the Bank petitioned the district court to approve the retention of real and personal property and the assignment of possible legal claims. The Bank alleged V.A.M.'s monthly income was less than his monthly expenses and requested the court either allow the Bank to lease V.A.M.'s farmstead to T.M., sell the farmstead to T.M., or sell the farmstead at a private auction among V.A.M.'s children. The Bank asserted some of V.A.M.'s children requested it investigate possible claims of undue influence, breach of fiduciary duty, and lack of capacity related to V.A.M.'s transfer of real property to T.M., but it did not believe incurring the costs of investigating the potential claims was in V.A.M.'s best interest. The Bank requested the court allow it to assign the right to pursue any claims equally to all of V.A.M.'s children, as his ultimate heirs, to allow the investigation of any possible claims. The Bank also requested the court allow it to provide copies of V.A.M.'s personal financial information and tax returns to his children.

[¶ 5] T.M. and K.J. responded to the Bank's petition and requested the court consider V.A.M.'s wishes and best interests in deciding the petition. T.M. stated that he was not opposed to leasing the farmstead, but he was in favor of purchasing the property. T.M. and K.J. opposed the request to assign V.A.M.'s legal claims and claimed V.A.M. has no desire to pursue any legal claims and should not have to pay for pursuing any claims.

[¶ 6] D.N. responded to the petition, requesting V.A.M. be able to retain his farmstead and the court grant the petition to allow the Bank to assign V.A.M.'s possible legal claims to his children.

[¶ 7] V.A.M. also responded to the petition. He stated that he was in favor of selling the farmstead to T.M. He also stated that he does not have any claims against T.M., that he was opposed to the Bank assigning any of his claims to his children, and that he was opposed to the Bank providing his financial information and tax returns to his children.

[¶ 8] After a hearing, the district court approved the sale of the real property and the assignment of claims in a November 14, 2014, order. The court authorized the Bank to sell the farmstead to T.M. The court also authorized the Bank to assign to V.A.M.'s children, in equal shares, any and all possible claims V.A.M. holds for undue influence, lack of capacity, or breach of fiduciary duty. The court ordered the Bank was not authorized to disclose any of V.A.M.'s financial information or tax returns to V.A.M.'s children.

[¶ 9] T.M. and K.J. objected to the district court's order, arguing the decision allowing the Bank to assign V.A.M.'s possible legal claims to the children goes against the stipulation for the guardianship and conservatorship. They also asserted the court did not provide any guidance about who would be responsible for paying the fees and costs related to any potential legal action on the claims and the order did not require the children to take V.A.M.'s wishes into consideration or consult with him before making any decisions as the stipulation and order appointing the conservator require.

[¶ 10] The district court sent the parties a letter responding to T.M. and K.J.'s objections. The court stated the assignees may be required to pay all costs and fees related to any eventual claim, but that could only be determined in the future. The court also stated that the children would be required to abide by the requirements contained in the order establishing the guardianship and conservatorship.

II

■ [¶ 11] The district court has broad discretion in handling the estate and affairs of a protected person, and the court's decision regarding the management of the estate will not be reversed unless the court abuses its discretion. *In re Guardianship and Conservatorship of V.J.V.N.*, 2008 ND 106, ¶ 9, 750 N.W.2d 462. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *In re Conservatorship of T.K.*, 2009 ND 195, ¶ 10, 775 N.W.2d 496.

[¶ 12] T.M. and K.J. argue the district court abused its discretion by creating a "sub-conservator" classification not authorized by N.D.C.C. ch. 30.1–29. They claim that North Dakota law does not allow the conservator to carve out a portion of its authority and assign it to a "sub-conservator" and that the court's decision is contrary to the parties' stipulation that a third party would be appointed the conservator. D.N. disputes T.M. and K.J.'s argument that the court created a "sub-conservator," and she contends the court assigned V.A.M.'s legal claims to his children, V.A.M. may have potential claims against T.M. for monetary damages or for rescission and return of the subject real property, and the court had authority to assign V.A.M.'s claims to his children under N.D.C.C. § 30.1–29–08. D.N. alternatively argues the court did not abuse its discre-

tion by delegating specific conservatorship duties and powers to V.A.M.'s children.

[¶ 13] The parties have different interpretations of the district court's decision. T.M. and K.J. contend the court created "sub-conservators," and D.N. claims the court authorized the Bank to assign the claims. Before we can properly review the issues on appeal, we must first determine the basis for the court's decision. *Empower the Taxpayer v. Fong*, 2013 ND 187, ¶ 7, 838 N.W.2d 452.

[¶ 14] The Bank petitioned the district court to authorize it to assign legal claims to V.A.M.'s children:

> Certain of [V.A.M.'s] children have requested [the Bank] to investigate possible claims of undue influence, breach of fiduciary duty and/or lack of capacity with respect to transactions between [V.A.M.] and [T.M.] [The Bank] has no specific knowledge of facts to support such claims and does not believe incurring the cost to investigate any such claims is in [V.A.M.'s] best interest, particularly in light of [V.A.M.'s] Will and stated intent regarding his estate plan. In order to allow the investigation of any possible claims by [V.A.M.'s] children, [the Bank] proposes to assign the right to pursue any such claims equally to all of [V.A.M.'s] children, as his ultimate heirs.

At the hearing on the petition, the Bank stated it recognized there are certain facts that may support a legal claim against T.M. related to V.A.M.'s transfer of farmland to T.M., but there are other facts that show V.A.M.'s intent "all along" was to give the property to T.M. The Bank indicated it does not believe it is in V.A.M.'s best interest to incur the expenses to pursue these claims given his limited resources, because these types of claims are often contentious, very expensive, and difficult to successfully pursue. The Bank

stated the family may have claims through the estate once V.A.M. has passed away, but some of V.A.M.'s children requested the Bank pursue these claims and the Bank does not believe pursuing the claims is in V.A.M.'s best interest. The court questioned how the children could proceed on their own with the claims, and the Bank stated, "Well that's where the assignment, I guess, would come in. In that we are asking the Court to authorize the Conservator to assign whatever claims may or may not be out there as an asset. It's a [chose in] action, potentially." The Bank explained that if the claims were assigned to the children, the children would be able to pursue the claims at their own expense and the property would be brought back into the estate if the children were successful.

[¶ 15] The district court approved the Bank's request to assign V.A.M.'s legal claims. The court ordered, "The Limited Conservator is authorized to assign to [V.A.M.'s] children, in equal shares, any and all possible claims currently held by [V.A.M.] against any child of [V.A.M.] or other party for undue influence, lack of capacity, or breach of fiduciary duty regarding prior gifts and transactions made by [V.A.M.]" After the parties objected to the order, the court sent the parties a letter explaining:

> [T.M. and K.J.'s attorney] argues, in the alternative, that if the Court were to permit assignment of such claims, as was contemplated on the November [14], 2014 Order, that assignment should require assignees to themselves pay all fees and costs related to the claims and should require assignees to abide by the requirements contained in the Court's Order establishing the guardianship and conservatorship. It may well be that subsequent events may suggest the former, i.e., require assignees of the claims

to pay all fees and costs related to any eventual claims. That really only can be determined in the future. But it seems obvious that they should be required generally to abide by the requirements contained in the Court's original Order establishing the guardianship and conservatorship. I view that as almost a given here without any necessity to formally amend the Court's November 14, 2014 Order. As to the underlying reason for the Court's inclusion of language regarding assignment of claims, I view it as an essential duty of the conservator in administration to carefully consider and prosecute claims or proceedings for the protection of the estate assets. *See,* N.D.C.C. § 30.1–29–24(3)(x).

[¶ 16] Under N.D.C.C. § 30.1–29–08(2)(c), after a hearing and upon determining a basis for appointment of a conservator or other protective order exists, the district court has "all the powers over the person's estate and affairs which the person could exercise if present and not under disability, except the power to make a will[,]" and the court may exercise its powers directly or through a conservator. The court may confer on a conservator, at the time of appointment or later, any power the court itself could exercise under N.D.C.C. § 30.1–29–08(2)(b) and (c). N.D.C.C. § 30.1–29–26. The court may limit or expand the conservator's powers at any time. N.D.C.C. § 30.1–29–26. After the court has appointed a conservator, the court may make any appropriate order upon notice and hearing. N.D.C.C. § 30.1–29–16(3).

[¶ 17] The right to bring an action or recover a debt or money is a chose in action, and a chose in action is a form of property. *See Strankowski v. Strankowski,* 447 N.W.2d 323, 326 (N.D.1989); *United Bank of Bismarck v. Glatt,* 420 N.W.2d 743, 746–47 (N.D.1988); *see also*

73 C.J.S. *Property* § 12 (2015) (stating a "chose in action" is a legal claim or a right to bring an action to receive or recover a debt, money, or damages by a judicial proceeding, and is intangible personal property). An assignment transfers a property right, interest, or claim from the assignor to the assignee. *See* Assignment, *Black's Law Dictionary* (10th ed.2014); 6A C.J.S. *Assignments* § 1 (2015). Generally, a person may assign a legal claim or a chose in action. *See Willow City Farmers Elevator v. Vogel, Vogel, Brantner & Kelly,* 268 N.W.2d 762, 764–65 (N.D.1978); *but see Schmidt v. Grand Forks Country Club,* 460 N.W.2d 125, 128 (N.D.1990) (recognizing some courts have held claims for rescission are ordinarily not assignable). The district court has authority under N.D.C.C. ch. 30.1–29 to authorize a conservator to assign a protected person's legal claims. *See* N.D.C.C. § 30.1–29–08(2)(c).

[¶ 18] "After an assignment, the assignee acquires no greater rights than held by the assignor, and the assignee merely stands in the shoes of the assignor." *Forbes Equity Exch., Inc. v. Jensen,* 2014 ND 11, ¶ 10, 841 N.W.2d 759 (quoting *Collection Ctr., Inc. v. Bydal,* 2011 ND 63, ¶ 15, 795 N.W.2d 667). An absolute assignment generally divests the assignor of all control and right to the cause of action and the assignee is entitled to control the cause of action and to receive the benefits. *See Bydal,* at ¶ 17. However, there are different types of assignments and their terms may vary. *See id.* (comparing absolute assignments and assignments for collection).

[¶ 19] The district court also has authority under N.D.C.C. ch. 30.1–29 to authorize a conservator to delegate some of its powers or duties. A conservator has all of the powers conferred by N.D.C.C. § 30.1–29–24 and any additional powers

conferred by law on trustees in North Dakota. N.D.C.C. § 30.1–29–24(1). Conservators and trustees have the power to prosecute or defend actions or claims to protect the estate's assets. N.D.C.C. §§ 30.1–29–24(3)(x) and 59–16–16(24). A trustee also has the power to "delegate duties and powers that a prudent trustee of comparable skills could properly delegate under the circumstances." N.D.C.C. § 59–16–07(1). Section 59–16–07, N.D.C.C., adopts section 807 of the Uniform Trust Code. 2007 N.D. Sess. Laws ch. 549. The official comment to section 807 states, "Whether a particular function is delegable is based on whether it is a function that a prudent trustee might delegate under similar circumstances. For example, delegating some administrative and reporting duties might be prudent for a family trustee but unnecessary for a corporate trustee." Unif. Trust Code § 807 cmt. A district court, therefore, has authority under N.D.C.C. ch. 30.1–29 to authorize a conservator to delegate its power to investigate and pursue the protected person's legal claims if a prudent trustee might delegate under similar circumstances. The district court or the conservator must establish the scope and terms of the delegation, and the conservator must periodically review the agent's actions and monitor the agent's performance and compliance with the terms of the delegation. *See* N.D.C.C. § 59–16–07(1).

■■ [¶ 20] Here, the district court ordered the Bank was authorized to assign V.A.M.'s possible legal claims to his children, but the court did not explain what type of assignment it was authorizing or the terms of the assignment. Although the Bank stated it was requesting the court allow it to assign V.A.M.'s potential legal claims to V.A.M.'s children so they would be responsible for paying any costs related to the claims and it indicated it

believed the property would return to the estate if the transfer was rescinded, these terms were not included in the order. In the district court's letter, it advised the parties that it could not determine whether the children would be responsible for all fees and costs related to the legal claims. The court also informed the parties that it did not feel it was necessary to formally amend the order authorizing the assignment because it was "almost a given" and "obvious" the children would be required to abide by the requirements of the order establishing the conservatorship. The order establishing the conservatorship states:

> [V.A.M.] shall retain the right to make decisions regarding [legal] matters unless it is determined by the Limited Conservator that the decision is not in his best interests or that [V.A.M.] does not have an understanding sufficient enough to enable him to make an informed decision regarding a particular matter. [V.A.M.'s] values must be considered and respected by the Limited Conservator regarding decisions about what is in his best interests.
>
> . . . .
>
> [V.A.M.] shall have discretion to spend his money as he sees fit unless it is determined by the Limited Guardian or Limited Conservator that the decision is not in [V.A.M.'s] best interests. [V.A.M.'s] values shall be considered and respected with respect to decision making about what is in his best interests.

[¶ 21] The order and the court's subsequent letter conflict. The order authorized the Bank to assign the claims, suggesting the children would own and control the claims and receive the benefits. The letter, however, states the children will have to comply with the initial order appointing the conservator and will only have the same powers as the conservator. It is

unclear how an assignment in equal shares will work if the children are required to abide by the requirements and limitations of the order establishing the conservatorship.

[¶ 22] "This Court cannot perform its appellate function if we are unable to understand the rationale underlying the district court's decision." *In re Estate of Nelson*, 2015 ND 122, ¶ 8, 863 N.W.2d 521. "A reviewing court needs to know the reasons for the [district] court's decision before it can intelligently rule on the issues, and if the [district] court does not provide an adequate explanation of the evidentiary and legal basis for its decision we are left to merely speculate whether the court properly applied the law." *Id.* (quoting *Empower the Taxpayer*, 2013 ND 187, ¶ 7, 838 N.W.2d 452).

[¶ 23] After reviewing the district court's order approving the assignment of the claims and the court's letter to the parties, we are unable to adequately understand the basis for the court's decision. We conclude that it is not clear whether the district court authorized the Bank to assign the legal claims or whether it authorized the Bank to delegate its power to investigate and pursue the claims.

[¶ 24] Furthermore, it is not clear what the district court means by the language stating the claims are assigned to the children in "equal shares." The Bank requested this language, but did not provide any explanation of its meaning or purpose. It is not clear whether the children would be required to all agree to investigate and pursue the claims, equally divide the costs of pursuing the claims, or equally divide any damage award if the legal claims are successfully pursued. It also is not clear what would happen if an action pursuing the claims is successful and the transfer of the property is rescinded. V.A.M. contends the assignment is in contravention of

his estate plan and the court did not consider his estate plan when it assigned his potential claims. The parties' stipulation and the court's order appointing a limited conservator state the conservator shall not have the right to change V.A.M.'s will or estate planning in any manner. When managing the assets of a protected person's estate, the court and conservator should take into account any known estate plan, including a will. N.D.C.C. § 30.1–29–27. The district court must consider whether an assignment would conflict with V.A.M.'s estate plan and clarify what "equal shares" means if the court assigns the claims.

[¶ 25] Considering the district court's order authorizing the Bank to assign V.A.M.'s possible legal claims and the court's letter responding to the parties' objections, we conclude the court failed to adequately explain its decision. We reverse the district court's order and remand for the court to clarify its decision and include the terms of the assignment or the scope and terms of the delegation.

### III

[¶ 26] We reverse the district court's order authorizing the Bank to assign V.A.M.'s potential legal claims and remand for proceedings consistent with this opinion.

[¶ 27] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 28] Our statute, N.D.C.C. § 59–16–07(1), is part of North Dakota's adoption of the Uniform Trust Act (§ 807):

A trustee may delegate duties and powers that a prudent trustee of comparable skills could properly delegate under the

circumstances. The trustee shall exercise reasonable care, skill, and caution in selecting an agent; establishing the scope and terms of the delegation, consistent with the purposes and terms of the trust; and periodically reviewing the agent's actions in order to monitor the agent's performance and compliance with the terms of the delegation.

[¶ 29] By terms of the statutory provision, "[a] trustee may delegate duties and powers that a prudent trustee of comparable skills could properly delegate under the circumstances." So, it must be a delegation that a prudent trustee could properly delegate. The official comment to § 807 of the uniform law says:

> Whether a particular function is delegable is based on whether it is a function that a prudent trustee might delegate under similar circumstances. For example, delegating some administrative and reporting duties might be prudent for a family trustee but unnecessary for a corporate trustee.

> This section applies only to delegation to agents, not to delegation to a cotrustee.

[¶ 30] Would a prudent trustee delegate to others the decision of whether to sue members of the protected person's family? That seems doubtful to me.

[¶ 31]   DALE V. SANDSTROM