# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 9, 2016

Plaintiff-Appellee,

v

No. 324651
Saginaw Circuit Court
LC No. 13-039385-FC

JEREMY LEONARD STAFFORD,

Defendant-Appellant.

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM.

Defendant, Jeremy Leonard Stafford, appeals as of right his convictions, following a jury trial, of assault with intent to commit murder, MCL 750.83, two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d, witness interference, MCL 750.122(7)(b), unlawful imprisonment, MCL 750.349b, and domestic assault, MCL 750.81. The trial court sentenced Stafford as a fourth-offense habitual offender, MCL 769.12, to serve concurrent terms of 47½ to 80 years' imprisonment for his assault conviction, 3 to 15 years' imprisonment for his resisting and obstructing convictions, 4 to 15 years' imprisonment for his witness interference conviction, 6 to 15 years' imprisonment for his unlawful imprisonment conviction, and 93 days in jail for domestic assault. We affirm Stafford's convictions but remand his sentence for a *Crosby*[1] hearing.

## I. FACTUAL BACKGROUND

David Denski testified that as he was driving on I-75, he saw Stafford and the victim struggling on the side of the highway. Denski's wife, Rebecca Good, testified that she saw the victim try to leave the road several times, but Stafford repeatedly grabbed her and pulled her back to the road. According to Denski, Stafford made several attempts to throw the victim into oncoming traffic, which the victim resisted. As Denski approached at 70 miles an hour, Stafford threw the victim into the road in front of Denski's truck. The victim landed only 5 or 10 feet in front of Denski's truck and he slammed on his brakes and swerved. Denski initially thought that

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

the victim "was gone under [his] truck," but he realized that he had not hit her. Good testified that she immediately called 911 because she believed that Stafford had tried to kill the victim.

Michael Lemist testified that he was also driving on I-75 when he saw a man and a woman struggling beside the highway. He saw Stafford push the victim so hard that she landed face-down in the road with her torso in the middle lane and her legs in the right lane. The truck in front of Lemist almost hit the victim. Lemist also stopped his car and called 911 because he thought Stafford was trying to kill the victim. As he looked behind him, he saw that Stafford and the victim were back in their car and Stafford was punching the victim repeatedly.

Michigan State Police Trooper David Murchie testified that, at the scene, the victim told him that Stafford had thrown her into traffic and struck her after she confronted Stafford about drinking alcohol. According to Trooper Murchie, the victim testified that she pulled the car over after Stafford grabbed her arm, Stafford got out of the car, picked the victim up, and threw her into the road. The victim also stated that Stafford pinned her to the ground until other people intervened. Trooper Murchie testified that Stafford tore up the victim's statement and was extremely disruptive in the police car, refused to leave the vehicle, and fought the officers who tried to remove him from the car.

The victim testified that she did not want to testify against Stafford. She also testified that she struck Stafford first, was never in the road, and that arms were flailing in their car but they never hit each other. According to the victim's father, the victim told him that she had a heated argument with Stafford, but never went into the road.

The prosecution entered into evidence the recordings of several telephone calls between the victim and Stafford while Stafford was in jail. Michigan State Police Trooper Jessica Welton testified that Stafford made some of the calls with other inmates' identification numbers at times he was not supposed to have contact with the victim. During one of the phone calls, Stafford stated that he did not want to go back to prison.

## II. SUFFICIENCY OF THE EVIDENCE

Stafford contends that the evidence was not sufficient to support his convictions because there was no evidence he restrained the victim or intended to murder her. We disagree.

A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992). Thus, this Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt. *Id.* at 9.

"A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person . . . to facilitate the commission of another felony." MCL 750.349b(1)(c). To "restrain" means "to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority. The restraint does not have to exist for any particular length of time and may be

related or incidental to the commission of other criminal acts." MCL 750.349b(3)(c). This crime can occur when the victim is held for even a moment. *People v Chelmicki*, 305 Mich App 58, 70; 850 NW2d 612 (2014).

In this case, Lemist testified that he saw Stafford grabbing and pushing the victim while the victim was trying to escape. Denski testified that Stafford made several attempts to throw the victim in front of oncoming traffic, which the victim resisted. And Good testified that she saw the victim trying to run off the highway, but Stafford kept grabbing her and pulling her back into the road. Viewed in the light most favorable to the prosecution, we conclude that there was sufficient evidence that Stafford knowingly restrained the victim to facilitate his subsequent assault.

"The elements of assault with intent to commit murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010). Circumstantial evidence and reasonable inferences arising from the evidence may provide satisfactory proof of the defendant's intent to kill. *People v Barclay*, 208 Mich App 670, 674; 528 NW2d 842 (1995).

In this case, Stafford repeatedly attempted to throw the victim onto an interstate highway. Stafford shoved the victim forcefully enough that she landed in the middle lane of traffic about 5 or 10 feet in front of a truck. Denski testified that he was traveling in a truck at 70 miles an hour. Both Good and Lemski testified that they immediately called 911 because they believed Stafford was trying to kill the victim. It was only Denski's quick reaction that saved the victim from actually being killed. Viewed in the light most favorable to the prosecution, we conclude that there was sufficient evidence of Stafford's intent to kill the victim. Because Stafford's argument regarding the sufficiency of his witness intimidation claim is based on his argument regarding his other convictions, we also reject that argument.

## III. PRIOR INCARCERATION EVIDENCE

Stafford contends that the trial court abused its discretion when it declined to grant a mistrial after the prosecution admitted improper evidence of his prior convictions. We disagree.

This Court reviews for an abuse of discretion the trial court's decision on a motion for a mistrial. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). The trial court should only grant a mistrial for "an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial," *Id*., quoting *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995), and when "the prejudicial effect of the error cannot be removed in any other way." *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008). The trial court may consider, among other things, whether the prosecutor intentionally presented the information to the jury or emphasized the information. *Id*.

In this case, the trial court ruled before trial that the prosecution could not play a portion of a recorded telephone call in which Stafford stated that he did not want to "go back to prison" but it could play those portions where Stafford stated he did not want to "go to prison." However, the prosecutor played one portion of a recording in which Stafford stated he did not want to go back to prison. Defense counsel moved for a mistrial. The trial court denied the

motion, stating that it would instead offer a curative instruction if defense counsel requested one. There is no evidence in the record that defendant requested a curative instruction. In any event, at the close of trial, the trial court instructed the jury that it was to disregard evidence of Stafford's prior convictions, which were addressed at trial for other purposes unrelated to the issue on appeal. The trial court instructed the jury as follows:

> There is some evidence that at the time of the alleged crimes, the defendant was on probation after having been convicted of drunk driving and resisting and obstructing an officer, and that he faced the prospect of prison if convicted as charged. When you decide this case, you must not consider these facts whatsoever. The fact that the defendant was on probation or previously convicted of drunk driving and resisting and obstructing an officer, or faced the possibility of prison if convicted as charged must not affect your verdict in any way.

We conclude that the trial court's decision to deny Stafford's motion for a retrial was a reasonable outcome. In this case, the improper reference was brief, the prosecution did not emphasize it, and the trial court provided a curative instruction. We conclude that the trial court's decision not to grant a mistrial did not fall outside the range of reasonable outcomes because the error was not so prejudicial that it affected the fairness of Stafford's trial.

## IV. SENTENCING

In his pro-per brief filed pursuant to Michigan Supreme Court Order 2004-6, Standard 4, Stafford contends that he is entitled to remand procedures because his sentencing involved judicially found facts. The prosecution concedes that Stafford is entitled to a remand.

We affirm Stafford's convictions, but we remand for the trial court to determine whether it would have imposed a materially difference sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358; 870 NW2d 205 (2015).[2] We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Jane M. Beckering

---

[2] If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If it determines that it would not have imposed the same sentence, it may resentence Stafford. *Lockridge*, 498 Mich at 399.