# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

UNPUBLISHED
March 22, 2018

v

KYLE H. COOPER,

     Defendant-Appellant.

No. 335212
Oakland Circuit Court
LC No. 2012-241872-FC

Before: SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted by jury of first degree criminal sexual conduct, CSC-I, MCL 750.520b(1)(e) (armed with a weapon); third-degree criminal sexual conduct, CSC-III, MCL 750.520d(1)(b) (authority over victim); assault with intent to commit criminal sexual conduct, MCL 750.520g; and two counts of armed robbery, MCL 750.529. He was originally sentenced as a habitual fourth offender, MCL 769.12, to concurrent prison terms of 30 to 60 years for each conviction. On appeal, this Court affirmed his convictions and sentence. *People v Kyle Cooper*, unpublished opinion per curiam of the Court of Appeals, issued September 23, 2014 (Docket No. 315919). However, the Supreme Court reversed in part and remanded to the trial court for further proceedings pursuant to *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 205 (2015). *People v Cooper*, 498 Mich 902 (2015). On remand, the trial court reaffirmed the sentences originally imposed on defendant. Defendant now appeals of right. We affirm.

## I. FACTS

Defendant's convictions arose from three encounters with women whom he contacted on the internet through pay for sex and escort advertisements, and invited to his apartment to engage in sexual activity. The women testified that when they arrived at defendant's apartment building, he assaulted them, threatened them with weapons, and in two instances, forced them to perform sexual acts. The women also alleged that defendant robbed them after these encounters by not paying them and taking their money.

## II. ANALYSIS

Defendant argues that the trial court erred by imposing the same sentence rather than a materially different sentence. Additionally, defendant argues that the trial court improperly

-1-

considered defendant's refusal to admit guilt in sentencing him. We find no merit to these arguments.

Defendant first contends that the trial court did not conduct a resentencing hearing procedurally consistent with the *Crosby*[1] remand procedure outlined in *Lockridge*, 498 Mich at 364, because it ordered resentencing after determining that it would impose a materially different sentence and then failed to do so at the resentencing hearing. In *Lockridge*, the Michigan Supreme Court explained that, "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court[, consistent with *Crosby*,] to determine whether that court would have imposed a materially different sentence but for the constitutional error. If the trial court determines that the answer to that question is yes, [*then*] the court shall order resentencing." *Id*. at 397.

In this case, the Michigan Supreme Court remanded to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*" and directed that the trial court follow the above procedure. *Cooper*, 498 Mich at 902. Initially, the trial court provided defendant with an opportunity to avoid resentencing in this matter, consistent with *Crosby*. When defendant did not respond, the trial court requested the views of counsel as to whether to resentence defendant, also consistent with *Crosby*. The court then ordered resentencing, held a resentencing hearing at which defendant was present, heard arguments from both defendant and the prosecutor, and resentenced defendant to the same term. In light of the aforementioned history, the trial court procedurally adhered to the *Crosby* remand process. See *Crosby*, 397 F3d at 117; *Lockridge*, 498 Mich at 398-399.

In reviewing defendant's sentence on remand substantively, this Court is bound by MCL 769.34(10). "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

The court did not rely on improper or inaccurate information in making its resentencing decision. In *Lockridge*, 498 Mich at 373, the Court concluded that Michigan's sentencing guidelines violated the Sixth Amendment because they required judicial fact-finding beyond what was admitted by the defendant or found by the jury to score offense variables that mandatorily increased the "floor" of the guideline's minimum sentencing range. *People v Steanhouse*, 500 Mich 453, 461; 902 NW2d 327 (2017). To correct the constitutional problem, the Court held that sentencing guidelines were advisory only and that many defendants sentenced under the mandatory guidelines were entitled to *Crosby* remands for the trial court to determine whether it would have imposed a materially different sentence if it had been aware that the guidelines were not mandatory. *Id*. at 461-462. The decision was premised on the "interplay of

---

[1] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

two key aspects of the guidelines:" judicially made factual determinations and a mandatory adherence to sentencing guidelines. *Id.* at 467. On a *Crosby* remand, in deciding whether it would have imposed a materially different sentence absent the unconstitutional restraint on its discretion, the court may consider only the circumstances existing at the time of the original sentence. *Lockridge*, 498 Mich at 398.

The trial court explicitly stated that it was only using circumstances that existed at the time of the original sentence. Defendant does not advance an argument that the information considered was inaccurate. Thus, this Court's inquiry must turn to whether the trial court erred in scoring the sentencing guidelines.

The trial court did err in scoring the guidelines. At resentencing, the trial court determined that defendant's guidelines should be between 126 to 420 months' imprisonment, because defendant's previous guidelines of between 360 and 750 months' imprisonment were based on scores in OVs 3, 4, 8, 9, and 10 that were assessed based on facts not proven beyond a reasonable doubt to a jury. However, judge-made findings that were not proven beyond a reasonable doubt to a jury are now permissible. *Lockridge,* 498 Mich at 365. The trial court erroneously reduced assessed OV points because it believed the information used to assess points under OVs 3, 4, 8, 9, and 10 was impermissible under *Lockridge* when it was in fact not. Regardless of the trial court's error in applying a fundamental legal proposition of *Lockridge*, there was no error requiring reversal because even though "sentencing courts must. . . continue to consult the applicable guidelines and take it into account when imposing a sentence," 498 Mich at 392, sentencing guidelines are now advisory. No matter what guidelines range the court calculated at resentencing, the court needed only to "take [the range] into account" when sentencing defendant.[2] *Lockridge*, 498 Mich at 392. Any error defendant could allege challenging the trial court's incorrect interpretation of *Lockridge*, which affected its calculation of a "new" guidelines range, did not adversely affect defendant because if the court had considered facts not proven to the jury beyond a reasonable doubt, the range presumably would have increased. Regardless, the court sentenced within both the original and newly calculated range in reaffirming defendant's original sentence. Put simply, the defendant cannot claim he is entitled to reversal because of an error in scoring the guidelines where the error clearly would not have resulted in a different sentence.

Defendant also contends the trial court did not follow the Supreme Court's order, *Cooper*, 498 Mich at 902, because it did not impose a materially different sentence than his original sentence. The Supreme Court instructed the trial court to

---

[2] Because defendant chose to be resentenced and the guidelines are advisory now, the court could have upwardly departed from the guidelines, increasing his original sentence. In defendant's case, the trial court noted at resentencing that it was imposing the same sentence on remand, but that it was uncertain whether it would have sentenced defendant to a higher sentence originally, stating, "So I'm not convinced that had I presided over the trial I wouldn't have given the same sentence or maybe given a higher sentence, considering everything that was presented to me." The trial court could have done so.

> determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*. On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence.

This order directed the trial court to determine *whether* it would have imposed a materially different sentence absent the unconstitutional constraint on its discretion. Nowhere within the Supreme Court's remand order, nor within *Lockridge* itself, can defendant find validation for his proposition that the trial court was *required* to impose a materially different sentence. Indeed, the Supreme Court order itself states that the trial court could reaffirm its original sentence should it determine it would have imposed the same sentence despite the advisory nature of sentencing guidelines. This is precisely what the trial court chose to do.

Defendant seems to be arguing that once the court made a determination that it would impose a materially different sentence and that resentencing was therefore indicated, he had a vested right to a materially different sentence upon resentencing. However, a trial court can reconsider its orders. *People v Comer*, 500 Mich 278, 293-294; 901 NW2d 553 (2017), citing MCR 6.435(B) ("after giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order . . . ."). Moreover, that the trial court made the determination for the purpose of determining whether a resentencing was warranted does not mean that it was required to impose a different sentence after it considered all the factors taken into account in fashioning a sentence.

Defendant next contends that his Fifth Amendment right against self-incrimination was violated because the trial court impermissibly used his unwillingness to admit guilt against him at his resentencing. This argument fails in part because it rests upon a mischaracterization of the record. Defendant is correct that a defendant's refusal to admit to the charged crimes cannot be used against him at sentencing. A trial court is not allowed to sentence a defendant more harshly based on his refusal to admit guilt. *People v Wesley,* 428 Mich 708, 713-714; 411 NW2d 159 (1987), citing US Const, Am V. However, here the trial court did not state it was sentencing defendant because he would not plead guilty to the charged crimes. The court stated, "according to him . . . the only thing that he did wrong was, quote, not pay the victims, as opposed to the – the violent and assaultive behavior that the jury found him guilty of." This statement does not illustrate that the court was sentencing defendant in the manner it chose because he did not admit guilt. The court merely noted the violent and aggressive nature of the crimes defendant was convicted of as two of the reasons why it declined to resentence him to a lesser term. The violent and aggressive nature of a defendant or his crimes is within the trial court's discretion to consider in crafting a sentence. See, e.g., *People v Brown,* 205 Mich App 503, 510; 517 NW2d 806 (1994) (relying on information that the defendant had poor impulse control, was defiant, acted in an aggressive manner, was manipulative, had little insight into the impact of his behavior, and was prone to act on the basis of his own needs and seek gratification without regard to others).

Moreover, even if the court's comments did relate to defendant's unwillingness to express remorse for his violent crimes, it is permissible for a court to infer a defendant's lack of remorse from statements contained in presentence reports and "address remorsefulness as it [bears] on defendant's [capacity for] rehabilitation." *Wesley*, 428 Mich at 714, citing MCL

771.14. The propriety of a sentencing court's consideration of a defendant's remorsefulness at sentencing is also evidenced by the statutory requirement that the court be provided with presentence investigation reports (PSIRs) on the "antecedents, character, and circumstances" of a defendant before sentencing. *Id*. There is nothing improper about the court's comment about defendant's lack of remorse at resentencing.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto