# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH KERNELL SOLOMON, JR.,

Defendant-Appellant.

UNPUBLISHED
April 17, 2018

No. 337419
Saginaw Circuit Court
LC No. 13-038705-FC

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted of assault with intent to murder (AWIM), MCL 750.83, possession of a firearm by a felon, MCL 750.224f, carrying a dangerous weapon with unlawful intent, MCL 750.226, carrying a concealed weapon, MCL 750.227, and three counts of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was originally sentenced to two years of imprisonment for each of the felony-firearm convictions, to be served consecutive to concurrent terms of 375 to 720 months of imprisonment for defendant's AWIM conviction and 36 to 60 months of imprisonment for each of his other convictions. This Court affirmed defendant's convictions, *People v Solomon*, unpublished opinion per curiam of the Court of Appeals, issued February 18, 2016 (Docket No. 324034), p 5, but the Supreme Court remanded to the trial court for further proceedings under *People v Lockridge*, 498 Mich 358; 870 NW2d 205 (2015). *People v Solomon*, 500 Mich 863; 885 NW2d 263 (2016). Defendant appeals as of right from the trial court's reaffirmation of its original sentences on remand.

## I. BACKGROUND

Defendant's convictions result from the May 9, 2013 shooting of Gerald Hudson. Hudson testified that approximately one month before the shooting, he and defendant got into a physical altercation. Tameka Greene testified that, on the day of the shooting, she and Hudson were sitting in her van smoking cigarettes when she observed defendant circle her van several times on a bicycle. Hudson eventually got out of the vehicle and was approached by defendant and two other men. Hudson testified that, after a "heated" exchange of words, defendant pulled out a firearm from his waistband and "tried to put the gun to [Hudson's] head," but Hudson

-1-

pushed the gun away. Greene testified that defendant then shot Hudson in the abdomen and fled from the scene on foot.

At trial, defendant admitted to shooting Hudson, but argued that he did so in self-defense. Defendant testified that he was walking away from Hudson when someone yelled "watch-out." According to defendant, he turned around to observe Hudson "pulling at his waistband like he got a gun." Defendant testified that he reacted by pulling out his own gun and firing it in order to scare Hudson. Defendant was convicted by the jury and sentenced as noted above.

On remand from his first appeal, the trial court followed the procedure outlined in *Lockridge*, 498 Mich at 398-399. See also *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). The trial court first gave defendant an opportunity to avoid resentencing. Defendant declined this opportunity and requested resentencing. The trial court then declined to resentence defendant and reaffirmed defendant's original sentences, concluding:

> Although Defendant was just twenty-one years old at the time of this shooting, he had a criminal history of assaultive crimes, including a 2008 domestic violence juvenile adjudication for attempting to strike his mother with a closed fist and ten prior felony convictions arising out of a 2010 felonious assault involving a firearm. Defendant committed the offenses in this case just four months after he completed his term of incarceration relative to the 2010 felonious assault and while he was still under probation supervision for that case. It is significant that a prior prison term and community supervision did not deter Defendant from perpetrating additional acts of violence. The Court finds that the original sentences imposed on Defendant in this case are reasonable and proportional based on the severity of his conduct in this case, his history of violent crimes and his demonstrated poor potential for rehabilitation. The Court would have imposed the same sentences on Defendant absent the unconstitutional restraint on its discretion. Therefore, the Court denies Defendant's request for resentencing and reaffirms the original sentences imposed upon Defendant.

This appeal followed.

## II. ANALYSIS

Defendant argues that his Sixth and Fourteenth Amendment rights were violated by impermissible judicial fact-finding, errors in the scoring of offense variables (OVs), and "inaccurate information," which he maintains increased the floor of his sentence in violation of *Alleyne v United States*, 570 US 99, 116; 133 S Ct 2151; 185 L Ed 2d 314 (2013). We disagree.

This Court reviews the trial court's factual determinations, which must be supported by a preponderance of the evidence, for clear error. *People v Hardy*, 494 Mich 430, 438, 835 NW2d 340 (2013). We review de novo whether a judge's factual determinations were sufficient to assess points. *Id.*

In *Lockridge*, the Supreme Court concluded that the sentencing guidelines violated the Sixth Amendment because they required judicial fact-finding beyond what was admitted by the defendant or found by the jury to score OVs that mandatorily increased the "floor" of the guideline's minimum sentences range. *People v Steanhouse*, 500 Mich 453, 461; 902 NW2d 327 (2017). To correct the constitutional problem, the Supreme Court held that the sentencing guidelines were advisory only and that qualifying defendants sentenced under the mandatory guidelines were entitled to remands for the trial court to determine whether it would have imposed a materially different sentence if it had been aware that the guidelines were not mandatory. *Id*. at 461-462. The decision was premised on the "interplay of two key aspects" of the sentencing guidelines: judicially-made factual determinations and a mandatory adherence to sentencing guidelines. *Id.* at 467. Because the Supreme Court rendered the guidelines purely advisory, judicial fact-finding at sentencing remains permissible post-*Lockridge*. *Id*.

On remand under *Lockridge*, the trial court may consider only the circumstances existing at the time of the original sentence. *Lockridge*, 498 Mich at 398. Here, the trial court reviewed defendant's original sentence and found that it would have imposed the same sentence even had the guidelines been purely advisory. Because defendant's sentence after remand is within the recommended minimum sentencing range, it is presumptively appropriate unless it is the result of scoring error or inaccurate sentencing information. MCL 769.34(10); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).

Defendant argues that he is entitled to resentencing because his sentence is the product of the trial court's scoring error with regard to OVs 3, 6, and 9. OV 3 is scored for physical injury to a victim. 25 points may be assessed under OV 3 when "life threatening or permanent incapacitating injury occurred to a victim." MCL 777.33. At trial, there was testimony that, when Hudson arrived at the hospital for surgery, his gunshot wound could have "absolutely" been fatal. Accordingly, the trial court properly scored OV 3 at 25 points.

OV 6 is scored for an offender's intent to kill or injure another individual. 50 points may be assessed under OV 6 when "the offender had premeditated intent to kill." MCL 777.36. Here, the trial court received evidence that defendant had previous physical altercations with Hudson and that defendant stated just moments before shooting Hudson, "I'll kill your bitch ass." In light of this evidence, the trial court did not err in scoring OV 6 at 50 points.

OV 9 concerns the number of victims. 25 points may be assessed under OV 9 when "10 or more victims were placed in danger of physical injury or death." MCL 777.39. Here, defendant shot Hudson in the parking lot of an apartment complex. Victoria Gipson was in close proximity to the shooting and testified that, at the time of the shooting, there was a "whole crowd of people" in the parking lot and that the entire crowd ran away after the shooting. Shooting Hudson in a parking lot of a sprawling apartment complex where hundreds of people lived, and where a "crowd" of people were present outside, supported a score of 25 points for OV 9.

Defendant argues that the trial court improperly used judicially found facts to score these OVs. That argument fails, however, because, as mentioned above, judicial fact-finding is proper at sentencing post-*Lockridge*. Defendant also argues that he was entitled to leniency in sentencing because as a child he was exposed to traumatic events which have made him "jumpy." According to defendant, he actually believed that Hudson had a weapon and that he

was defending himself. Defendant argues that his young age warrants a lesser sentence than the trial court imposed. Defendant's argument for leniency does not show that his sentence was based upon a scoring error or inaccurate sentencing information and, therefore, we affirm the trial court's within-guidelines sentence.

Finally, defendant requests that this Court "change the law" and grant him the opportunity for a more-lenient sentence under *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). *Miller* addressed sentencing of juvenile offenders and set forth factors to guide a trial court's sentencing of a youthful offender. *Id*. at 477-478. Defendant is not a youthful offender. At the time defendant committed these offenses, he was 21 years old and had already been convicted of a previous felony assault.

Defendant's felonious history may have actually warranted departing upward from the guidelines range. Still, defendant's sentence did not depart from the recommended sentencing range and defendant has not shown that his sentence was the product of scoring error or inaccurate information. Accordingly, there is no basis for granting defendant relief.

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

-4-